UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

                                                   DECISION AND ORDER
v.                                                05-CR-360A

DAVID CAIN, JR. and
CHRIS CAIN,

                 Defendants.

─────────────────────────────────

## **BACKGROUND**

The defendants, Chris Cain and David Cain, Jr., are charged in a multi-count indictment with *inter alia* racketeering, Hobbs Act violations, and conspiracy. The case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). On October 19, 2006, defendant Chris Cain filed a motion to disqualify Assistant United States Attorney ("AUSA") Anthony Bruce as counsel for the government. The government opposed the motion and on November 24, 2006, Magistrate Judge Schroeder issued a Decision and Order denying the motion to disqualify.

Chris Cain filed objections to Magistrate Judge Schroeder's Decision and Order and David Cain, Jr., joined in those objections. The government filed a response in opposition and this Court heard oral argument on February 2, 2007.

On that same date, February 2, 2007, Chris Cain filed a second motion to disqualify AUSA Bruce and David Cain, Jr. joined in that motion also. On February 15,

1

2007, the government filed a response in opposition to the motion and on February 28, 2007, the defendants filed a reply.  The Court held oral argument on the defendants' second motion to disqualify on March 9, 2007.  The Court also granted the parties leave to file additional submissions by March 23, 2007 and deemed the matter submitted on that date.

## DISCUSSION

**A.    Objections to Magistrate Judge Schroeder's Decision and Order**

Defendants appeal Magistrate Judge Schroeder's Decision and Order denying their first motion to disqualify AUSA Bruce.  Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court "may reconsider any pretrial matter under this [section] where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

Having reviewed the Magistrate Judge's Decision and Order, the submissions of the parties and upon hearing argument from counsel, the Court finds that Magistrate Judge Schroeder's Decision and Order is neither clearly erroneous nor contrary to law.  The defendants sought disqualification primarily on the ground that the AUSA had a potential conflict of interest because he was expected to be a key witness in a perjury prosecution against an individual named Shawna Fish.  Fish is the girlfriend of one of Cain Jr.'s alleged criminal associates.

Many of the arguments raised by the defendants in their first motion to disqualify and their objections have been rendered moot by the government's

subsequent decision to dismiss all criminal charges against Shawna Fish.[1]  The dismissal of all charges eliminates any possibility that the AUSA will testify against her, and moots the defendants' concern of a potential conflict.  The government has represented that it does not intend to call either the AUSA or Fish during its case-in-chief against the defendants in this case.  In the event that either of the defendants find it necessary to call Fish as a defense witness, the Court finds that disqualification is unwarranted for the reasons stated in Magistrate Judge Schroeder's Decision and Order.  Because Magistrate Judge Schroeder's Decision and Order is neither clearly erroneous or contrary to law, the defendants' appeal is denied.

B.     Second Motion to Disqualify

Following argument on their appeal from the Decision and Order, the defendants filed a second motion to disqualify AUSA Bruce wherein they cited additional grounds for disqualification.  Specifically, they assert that the AUSA has engaged in a pattern of prosecutorial misconduct that is likely to prejudice them and taint the criminal proceedings.  In support of their claim of prosecutorial misconduct, the defendants allege that the AUSA:  (1) committed improprieties and constitutional violations in connection with the Shawna Fish prosecution; (2) committed Jencks Act and Brady violations in an unrelated criminal prosecution against David Cain, Jr.; and (3) made improper extrajudicial statements to the media in violation of Rule 23 of the Federal Rules of Criminal Procedure for the Western District of New York ("Local Rule

---

[1]  During a recent status conference in United States v. Shawna Fish, 05-CR-228A, the government advised the Court that it intended to dismiss all criminal charges against her.

23") and Rule 6(e) of the Federal Rules of Criminal Procedure.

### 1.     Shawna Fish Prosecution

The defendants allege that the AUSA committed prosecutorial misconduct in connection with the criminal proceedings against Shawna Fish, United States v. Fish, 05-CR-228A. In that case, the government charged Shawna Fish with committing perjury before the grand jury. The grand jury was investigating whether David Cain, Jr., had committed witness tampering with regard to Fish's boyfriend, Larry Kropp. The grand jury believed that Fish had information about the facts underlying that alleged witness tampering. When Fish initially testified before the grand jury, she testified falsely. She later recanted that testimony in a second grand jury proceeding. Fish moved to dismiss the indictment alleging, *inter alia,* that certain prosecutorial actions by the AUSA violated her constitutional rights. In a Decision and Order dated December 18, 2006 (Dkt. No. 46), this Court denied Fish's motion to dismiss and found that no constitutional violation had occurred.[2]

The Court rejects the defendants' arguments that the AUSA's conduct in the Fish case somehow prejudices them in this case. First, as the Court ruled, the AUSA's actions did not violate Fish's constitutional rights. Second, even if it were assumed that Fish's rights had been violated, that might afford some basis for relief as to *Fish*, but it would not provide any basis for relief as to these defendants. The defendants cannot vicariously adopt claims of misconduct that allegedly occurred in

---

[2]   Familiarity with that Decision and Order is presumed.

different prosecution against a different defendant. Only the defendant whose rights were violated has standing to seek redress. In any event, this argument is largely academic as Fish's rights were not violated. In short, nothing that occurred in the Fish case would provide a basis for disqualifying the AUSA Bruce as the lead prosecutor in *this* case.

### 2. Jencks Act and Brady Violations

The defendants argue that disqualification is warranted because the AUSA committed Jencks Act and Brady violations in an unrelated criminal proceeding against David Cain, Jr., United State v. Cain, 05-CR-20A.

Violations of the Jencks Act, 18 U.S.C. § 3500, did occur in connection with that criminal proceeding against David Cain, Jr. However, those violations provide no basis for granting any relief in this case. First, the Court remedied those Jencks violations by granting a mistrial in United States v. Cain, 05-CR-20A. See 18 U.S.C. § 3500(d) (providing that a mistrial is the proper remedy for a Jencks Act violation where the court determines that the interests of justice so require). Second, in doing so, the Court found that the violations were inadvertent, and not the result of any bad faith or misconduct by the AUSA. Third, and most importantly, those Jencks Act violations occurred in an unrelated criminal proceeding and have no effect upon the proceedings in this case. In light of those facts, the Court finds that the existence of inadvertent Jencks Act violations in an unrelated criminal proceeding provide no basis for granting the relief requested here.

The defendants also claim that disqualification is warranted because the AUSA violated the requirements of Brady v. Maryland, 383 U.S. 83 (1963), during United States v. Cain, 05-CR-20A, by failing to timely disclose information relating to the credibility of a government witness named Frank Battaglia.[3]  The Court never addressed the Brady issue in that case because, as it turns out, a second mistrial was granted for other unrelated reasons.[4]  The defendants now seek to reassert the alleged Brady violation as a basis for disqualifying the AUSA from this unrelated prosecution.

The Court finds it unnecessary to address the Brady issue at this juncture.  Even if it were assumed that the requirements of Brady were violated in United States v. Cain, 05-CR-20A, that would provide no grounds for relief in this case.  As the defendants themselves acknowledge, the Second Circuit has adopted a "restrained approach" to disqualification motions and has cautioned that "[w]here a threat of tainting the trial does not exist . . . the litigation should proceed, [and] the remedy for unethical conduct [lies] in the disciplinary machinery of the state and federal bar."  See Bottaro v.

---

[3]  Under Brady v. Maryland, 373 U.S. 83 (1963), the government is required to provide the defendant with any evidence favorable to him that is material to guilt or punishment, and the failure to do so violates due process. Evidence tending to impeach a government witness must also be disclosed to a defendant if known to the government.  Giglio v. United States, 405 U.S. 150 (1972).  The defendants claim that the government violated the requirements of Brady by failing to timely disclose information relevant to Battaglia's credibility.  Specifically, they point to the government's failure to disclose that another individual named Chad Marks had contacted the government and provided information that contradicted Battaglia's trial testimony.  According to the government, it did not disclose the substance of its discussions with Marks because it believed that the defendants were already in contact with him.  The government also asserted that, after talking to Marks, it re-interviewed Battaglia and determined that Battaglia'a testimony was credible and consistent with other evidence.

[4]  A mistrial was granted upon motion by both parties after it was discovered that the indictment failed to allege an essential element of the offense charged.

6

Hatton Assocs., 680 F.2d 895, 896-97 (2d Cir. 1982).

There is simply no basis to believe that a Brady violation in an unrelated criminal proceeding could somehow taint the criminal trial in this case. The facts about which that witness testified have no relevance in this action and Battaglia is not even expected to be a witness in this case. Because there is no threat that the alleged impropriety will taint this criminal proceeding, disqualification is an inappropriate remedy. See United States v. Stewart, 294 F. Supp. 2d 490, 494 (S.D.N.Y. 2003) (observing that disqualification is an inappropriate remedy absent "concrete allegations of taint").

    3.    **Improper Media Statements**

As a third basis for disqualification, the defendants claim that the AUSA made improper and highly prejudicial statements to the media. They cite several newspaper articles discussing the defendants' alleged criminal activities. AUSA Bruce is quoted in some of the newspaper articles. The defendants assert that the AUSA violated Local Rule 23 and Department of Justice policy governing dissemination of information to the media relating to pending criminal matters.

Contrary to the defendants' assertions, the Court finds no violation of Local Rule 23 or Department of Justice policy. As the government points out, Local Rule 23 prohibits the dissemination of extrajudicial statements that "[go] beyond the public record." See Local Rule 23(b). A close examination of the challenged newspaper articles demonstrates that statements at issue were either taken from the

indictment, made in pretrial submissions, or made in open court in connection with the pretrial proceedings. For example, the defendants cite to a January 5, 2006, Buffalo News article wherein it was reported:

> During one recent [court] proceeding, [AUSA] Bruce accused [Cain, Jr.] of intimidating witnesses and threatening law officers.
>
> 'We've alleged that he [Cain, Jr.] has told people, if he ever gets out of jail, the first bullet is for me,' [AUSA] Bruce said. 'And the second one is for Investigator Weidel.'

See Buffalo News article dated January 5, 2006. Although the defendants challenge these statements as improper, it is clear that the statements at issue were made in open court before a United States Magistrate Judge.[5] Therefore, they are not the sort of "extrajudicial" statements that are prohibited by Local Rule 23.

The defendants also cite as objectionable a statement by the AUSA that "[t]here was actual force, threatened force and violence." Allegations of violence and the use of force are part of the criminal record in this case. Indeed, the indictment alleges that the defendants used "actual and threatened force, violence and fear" to obtain property in violation of 18 U.S.C. § 1951. That indictment was filed on January 27, 2005, approximately one week before the newspaper article at issue. Because the allegations in the newspaper were culled from the public record, they are exempt from the provisions of Local Rule 23.

The same is true with regard to a Buffalo News article dated May 9, 2006,

---

[5] More specifically, the statement at issue was made at a detention hearing before Magistrate Judge H. Kenneth Schroeder, Jr., on September 12, 2005, in United States v. Cheryl Wagner, 05-CR-229A, several months before the newspaper article was published. Cheryl Wagner is the former girlfriend of defendant David Cain, Jr.

8

wherein the AUSA is quoted as saying:

> The indictment includes charges of extortion, arson, witness tampering and evidence of tampering . . . The family and some of the people working for them comprised a criminal organization.

See Buffalo News article dated May 9, 2006.  It is clear that the AUSA was merely reiterating or summarizing the contents of the newly-filed indictment, which included racketeering charges.  Accordingly, the AUSA's comments were not within the scope of Local Rule 23 or the Department of Justice policy prohibiting disclosure of information that is likely to prejudice the proceedings.

The defendants cite to other Buffalo News articles reporting on the alleged criminal activities of the defendants and their associates. Again, however, a careful review of the objected-to provisions reveals that the they were gleaned from various portions of the public record.  Accordingly, the statements were neither "non-public" nor "extrajudicial".

The defendants also challenge as inappropriate media references to them as "backwoods Sopranos."  That newspaper article makes clear, however, that the "backwoods Sopranos" comment was made by the Niagara County Sheriff, not by AUSA Bruce or anyone employed by the United States Attorney's Office.  Therefore, that statement provides no basis for disqualifying AUSA Bruce from the case.

Finally, the defendants assert that the AUSA violated provisions fo Rule 6(e) of the Federal Rules of Criminal Procedure governing secrecy of grand jury information.  They speculate, without support, that the AUSA violated Rule 6(e) when he informed Magistrate Judge Schroeder of Cain, Jr.'s threats against the AUSA and

Inspector Weidel.

The Court finds nothing improper about the disclosure of that information to Magistrate Judge Schroeder. The information was relevant to a detention hearing being conducted by the Magistrate Judge. It is the Court's understanding that the information came from a confidential informant, not grand jury testimony. The defendants' assertion to the contrary is based upon nothing more than mere speculation and is insufficient to support their charge of alleged improprieties.

## **CONCLUSION**

For the reasons stated, the Court hereby denies the defendants' appeal and denies their second motion to disqualify AUSA Bruce. The Court finds no support for the defendants' claim that the AUSA engaged in "prosecutorial misconduct" or a "pattern of unethical attorney behavior." Most of the conduct about which they complain has no relevance to the this criminal prosecution. In any event, the Court rejects the defendants' assertions that the AUSA acted in an unethical, bad faith or prejudicial manner in either this prosecution or any other case cited in their motion.

SO ORDERED.

                                     s/ *Richard J. Arcara*
                                     HONORABLE RICHARD J. ARCARA
                                     CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT

DATED:  April 23   , 2007

10