**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

               **v.**                    **05-CR-360A(Sr)**

**DAVID CAIN, JR.,**

               **Defendant.**
─────────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, David Cain, Jr. ("the defendant"), is named, along with co-defendants Chris Cain and James Soha, in a multicount, "First Superseding Indictment" wherein he is charged with having violated Title 18 U.S.C. § 1951 (Counts 1, 3, 6, 8, 9), Title 18, U.S.C. § 844(h) (Counts, 2, 5, 7, 14, 18, 19), Title 18, U.S.C. § 1341 (Counts 4, 10, 13), Title 18, U.S.C. §§ 1512(b)(1) and (3) (Count 11), Title 18, U.S.C. § 1512(b)(1) (Counts 21, 22, 23, 24, 27), Title 18, U.S.C. § 32(a) (Count 17), Title 18, U.S.C. § 1512(k) (Counts 20, 26, 28), Title 18, U.S.C. § 1512(c)(1) (Count 29), Title 18, U.S.C. § 1962(c) (Count 30), Title 18 U.S.C. § 1962(d) (Count 31).  (Docket #25).  He has filed an omnibus motion wherein he seeks: (1) a bill of particulars (Docket #58);

(2) discovery pursuant to Rule 16, Fed. R. Crim.P.; (3) discovery pursuant to "*United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991);" (4) "production of guideline sentencing material;" (5) "disclosure of evidence concerning confidential informant(s);" (6) disclosure and production of *Brady* and *Jencks* materials; (7) disclosure of expert witnesses pursuant to Rule 16(a)(1)(E)[1] (sic); (8) disclosure of evidence pursuant to Rules 403, 404(b) and 609 F.R.E.; (9) "disclosure of residual statements made pursuant to Rule 807" F.R.E.; (10) permission "to join in any motions brought by his co-defendants which apply to him;" and (11) permission "to bring additional motions." (Docket #59).

The government has filed a response to defendant's omnibus motion (Docket #69) and to defendant's demand for a bill of particulars (Docket #66).

Each of the defendant's requests will be addressed herein.

## DISCUSSION AND ANALYSIS

### 1.    Defendant's Demand For A Bill Of Particulars:

The defendant seeks a laundry list of details or particulars primarily consisting of what is anticipated to be the government's evidence in proving the charges set forth against the defendant in the indictment.  These requests of the defendant are DENIED.

---

[1] Defense counsel uses an erroneous citation since Rule 16, Fed. R. Crim. P. was amended effective December 1, 2002 and the proper citation is Rule 16(a)(1)(G).

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the indictment clearly inform the defendant of the essential facts of the crime charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

### 2.    Discovery Pursuant To Rule 16, Fed. R. Crim. P.:

The defendant has basically made a demand for all of the information and materials to which he is entitled pursuant to Rule 16(a) of the Fed. R. Crim. P.  In

response to this demand, the government represents that "it has fully complied with the mandates of Fed. R. Crim. P. 16(a)(1)(A), (B), (D), (E) and (F)."  (Docket #69, p. 2). Based on this representation, the defendant's request is DENIED on the basis that it is moot.

### 3.    Defendant's Request For Discovery Pursuant To *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991):

*Henthorn* stands for the proposition that the government must examine the personnel files of officers who will testify at trial upon the request made by a defendant for their production and "disclose information favorable to the defense that meets the appropriate standard of materiality."  *Id*. at 30.  This mandate is, in essence, that which is required under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972).

In response to this request of the defendant, counsel for the government states that "the government is aware of, and intends to fully comply with, its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and that case's progeny" as "that obligation relates to civilian witnesses and agents who may testify.  (Docket #69, p. 3). As a result, the defendant's request is DENIED on the basis that it is moot.

-4-

**4.    Defendant's Request For Production Of
        Sentencing Guideline Materials**:

Counsel for the defendant asserts that production of sentencing guideline

materials "is required by the Sixth Amendment and is necessary in order to render

assistance of counsel."  (Docket #59, p. 12, ¶ 31).


There is no legal requirement that a defendant be provided with

"sentencing guideline" calculations prior to trial.  *United States v. Williams*, 977 F.2d

866, 871 (4th Cir. 1992).  It is also pointed out that in this District, a defendant is

provided with a preview of the Pre-Sentence Investigation Report in advance of

sentencing, and the factors to be considered in arriving at a sentence are already

available to the defendant.  Therefore, this request is DENIED.


**5.    Defendant's Request For "Disclosure of Evidence
        Concerning Confidential Informant:"**

The defendant requests detailed information relating to the identity and

history of any "confidential informant in this case" as well as copies of "the FBI, DEA

and ICE manual (sic) for procedures and guidelines in handling informants."  (Docket

#59, pp. 16-18).


The defendant requests that the government be directed to identify all

informants on whom the government has relied or will rely in any way in its investigation

and/or prosecution of this case and disclosure of information received from informants.

However, the defendant has failed to sufficiently state a basis for requiring the

disclosure of this information or "that the testimony of the informant would [be] of even

marginal value to the defendant's case."  As a result, the holding of the Court of

Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is

dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question,
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623,
> 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the
>> fair determination of a cause, the [informant's]
>> privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that
> "no fixed rule with respect to disclosure is justifiable."  *Id.* at
> 62, 77 S.Ct. at 628.  What is required is "balancing the
> public interest in protecting the flow of information against
> the individual's right to prepare his defense."  *Id.*  Whether
> non-disclosure is erroneous "must depend on the particular
> circumstances of each case, taking into consideration the
> crime charged, the possible defenses, the possible
> significance of the informer's testimony, and other relevant
> factors."  *Id.  See Rugendorf v. United States*, 376 U.S. 528,
> 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United
> States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United
> States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert.
> denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409
> (1973).
>
> The defendant is generally able to establish a right to
> disclosure "where the informant is a key witness or
> participant in the crime charged, someone whose testimony
> would be significant in determining guilt or innocence."
> *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984);
> *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir.
> 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir.

1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).
In *Roberts*, the informant introduced an undercover agent to
the defendant and was present when the defendant and the
agent negotiated and transacted two sales of heroin.  The
Court, noting that the informant was "present during all the
significant events," 388 F.2d at 649, found that he was
"obviously a crucial witness to the alleged narcotics
transactions," *id.*, and therefore, his whereabouts should
have been revealed to the defense if properly requested.
But disclosure of the identify or address of a confidential
informant is not required unless the informant's testimony is
shown to be material to the defense.  *See United States v.
Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440,
3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v.
Lila*, 699 F.2d at 105.  As this Court's recent opinion in
*United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes
clear, it is not sufficient to show that the informant was a
participant in and witness to the crime charged.  In *Jimenez*,
the informant was both participant and witness, but the
district court's refusal to order disclosure of his identity was
upheld on the ground that the defendant had failed to show
that the testimony of the informant "would have been of even
marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).


Since the defendant has not made a sufficient showing that any

informant's potential testimony is material to his defense, this request is DENIED.


**6.      Defendant's Request For Production Of
          *Brady, Giglio* And *Jencks* Materials:**

The defendant has made a broad request for any and all materials and/or

information, including a culling of government agent personnel files, that would be

"exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*,"

"*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government states that "the government is aware of, and intends to fully comply with, its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and that case's progeny."  (Docket #69, p. 3).  Counsel for the government also states that the government "will supply Jencks Act material to counsel for the defendants in accordance with the Court's (the Hon. Richard J. Arcara) customary pretrial practices, and the Order the Court enters pursuant to those practices in this case."  (Docket #69, p. 6).

As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the

government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 7.    Defendant's Request For Disclosure Of Experts:

The defendant has made a formal request pursuant to Rule 16(a)(1)(G)[2] of the Fed. R. Crim. P. requiring the government to identify "all expert witnesses" whom the government will call at trial pursuant to "Rules 702, 703 and/or 705 of the F.R.E." and to provide "a written summary of the testimony the government intends to use" which "describe (sic) the witnesses (sic) opinions, the basis (sic) and the reasons therefore, and the witnesses (sic) qualifications."  (Docket #59, p. 22, ¶ 37).

In response, the government advises that it "does intend to call several fire investigators and anticipates that they will testify as 'cause and origin' experts" and that "a copy of each of these investigator's resume and his report or reports were provided as a part of pretrial discovery."  (Docket #69, p. 7).

Assuming the experts' reports disclosed by the government to the defendant adequately state or express the bases for the opinions or conclusions rendered therein, the defendant's request is DENIED on the basis that it is moot. However, if the reports of the experts do not include such information, the government

---

[2] See footnote 1 herein.

is hereby directed to supplement those reports with such information.

### 8.   Defendant's Request For Disclosure Of Rules 403, 404(b) and 609 F.R.E. Evidence:

The government advises that "currently [it] has no evidence that it intends to offer pursuant to Rule 404(b)" and that "if the defendant is convicted" on a state charge of felony assault pending against him at the time of the filing of this motion, "the government will seek to use that conviction in support of" the charge that "underlies Count Ten and the Eleventh Racketeering Act" set forth in the indictment in this case. (Docket #69, p. 7).  Otherwise, the government represents that it is "unaware of any other convictions of the defendant that might be admissible or might be evidence to impeach the defendant in the event he testifies on his own behalf."  (Docket #69, p. 7).

Rule 404(b), F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial."  This has been done, and as a result, defendant's request as to this issue is DENIED as being moot.

### 9.   Defendant's Request For Disclosure Of Rule 807, F.R.E. "Residual Exception" Statements:

The government has stated that it "has no evidence that might theoretically be admissible under Rule 807 that it intends to offer at trial."  (Docket #69, p. 8).  Based on this representation, the defendant's request is DENIED on the basis

that it is moot.

### 10.    Defendant's Request To Join In Co-Defendants' Motions:

The defendant advises that he "adopts and requests to join in any motions brought by his co-defendants which apply to him."  (Docket #59, p. 24, ¶ 42).

This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the omnibus motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

### 11.    Defendant's Request To Be Permitted
###          "To Bring Additional Motions:"

The defendant seeks permission "to bring additional motions based on responses the government provides to [his omnibus] motion before the Court." (Docket #59, p. 24, ¶ 43).

This request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in**

**the District Judge's refusal to consider the objection.**

> **S/ H. Kenneth Schroeder, Jr.**
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**

**DATED:      Buffalo, New York**
**May 9, 2007**