IN THE DISTRICT COURT OF THE UNITED STATES

For the Western District of New York
_____

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA | MAY 2006 GRAND JURY (Empaneled 5/05/06) |
| -vs- | THIRD SUPERSEDING INDICTMENT 05-CR-360-A |

DAVID CAIN, JR.
(Counts 1-10, 12, 13, 16-23, 25-30),
CHRIS CAIN
(Counts 11-15, 24, 29-31), and
JAMES SOHA, a/k/a "JAMIE,"
(Counts 1, 2, 5-8, 29, 30 )

Violations:

Title 18, United States Code, Sections 1951; 844(h); 1341; Subsections (b)(2)(C), (b)(1), (c)(1), (c)(2) and (k) of Section 1512; 32(a); 844(i); Subsections (c) and (d) of Section 1962; and 2; and Title 21, United States Code, Section 846.

## COUNT ONE

### THE GRAND JURY CHARGES:

**AT** all times material to this Count, both the defendant, DAVID CAIN, JR. (d/b/a Dave's Tree Service) and Jordan River Logging ("JRL") and Keith Kent were engaged in interstate commerce in the tree service and logging business, an industry which affected interstate commerce.

**ON OR ABOUT** January 4, 2001, in the Western District of New York, defendants DAVID CAIN, JR. and JAMES SOHA, a/k/a "JAMIE"

together with Patrick Ackroyd, who is named herein as an aider and abettor but not charged, and aided and abetted by others known to the grand jury, unlawfully obstructed, delayed and affected commerce, and attempted to obstruct and delay commerce by extortion.

**THAT IS TO SAY**, on or about January 4, 2001, in the Western District of New York, defendants DAVID CAIN, JR., JAMES SOHA, a/k/a "JAMIE" together with Patrick Ackroyd and others, obtained and attempted to obtain the property of JRL and Keith Kent with Kent's consent, said consent having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that defendant DAVID CAIN, JR. caused and directed others, including defendant JAMES SOHA, a/k/a "JAMIE" and Patrick Ackroyd, to damage and destroy JRL equipment at 13299 West Lee Road, Barre, New York in order to obtain and attempt to obtain JRL's share of the tree service and logging business in and around Niagara and Orleans Counties.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of the United States Code.

## COUNT TWO

### THE GRAND JURY FURTHER CHARGES:

2

**THAT**, on or about January 4, 2001, in the Western District of New York, defendants DAVID CAIN, JR. and JAMES SOHA, a/k/a "JAMIE," aided and abetted by Patrick Ackroyd, named herein as an aider and abettor but not charged, and others known to the grand jury, unlawfully and knowingly used fire to commit a felony that may be prosecuted in a court of the United States; namely, the felony charged in Count One of this indictment.

**ALL** in violation of Section 844(h) of Title 18 of the United States Code.

## COUNT THREE

### THE GRAND JURY FURTHER CHARGES:

**THAT,** from sometime prior to April 17, 2001, and continuing thereafter until on or about September 27, 2001, in the Western District of New York, defendant DAVID CAIN, JR. together with Patrick Ackroyd, who is named herein as an aider and abettor, but not charged, unlawfully, willfully and knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses and representations from the Allegany Co-Op Insurance Company, and, for the purpose of executing said scheme and

artifice, and attempting so to do, placed in post offices and authorized depositories for mail matter, matters and things, namely claim forms and related documents and correspondence to be sent and delivered by the Postal Service, and took and received from the Postal Service claim forms, related documents and correspondence, and knowingly caused to be delivered by mail according to the directions thereon and at the place at which said claim forms, related documents and correspondence was directed to the person to whom it was addressed said claim forms, related documents and correspondence.

**THAT IS TO SAY**

1.  On or about April 17, 2001, defendant DAVID CAIN, JR., directed and caused Patrick Ackroyd to intentionally set fire to (commit an arson) a storage garage and its contents located at 8101 Telegraph Road, Gasport, New York, so that David Cain, Jr., could submit an insurance claim for the fire loss to said storage garage and its contents, and, as a result, the storage garage and its contents were totally destroyed by fire.

2.  Thereafter, David Cain, Jr., made a claim to the Allegany

4

Co-Op Insurance Company for the April 17, 2001 loss of the aforesaid storage garage and its contents, and in said claim, falsely stated, in sum and substance, that the fire that destroyed the aforesaid storage garage and its contents was the result of an accident, and not the result of any intentional act.

3.    And, as a part of the aforesaid scheme, the defendant caused claim forms, related documents and correspondence to be sent via the United States Postal Service to be sent and received via the United States Postal Service on or about the date listed:

> Letter from DAS Business Services ("DAS") to Allegany Co-Op Insurance Company ("Allegany Co-Op")(5/9/01)(with enclosures including Sworn Statement in Proof of Loss)

> Letter from Allegany Co-Op to Seaway Insurance enclosing $30,000 check as payment for the defendant's claim (5/15/01)

> Letter from Allegany Co-Op to David R. Cain requesting the address of Randy Madel (sic)(6/4/01)

> Letter from Allegany Co-Op to Randy Maedl (6/13/01)

> Letter from Allegany Co-Op to National Grange Mutual Insurance Company ("National Grange") (8/30/01)

> Letter from National Grange to Allegany Co-Op (9/27/01)

**ALL** in violation of Section 1341 and Section 2 of Title 18 of

the United States Code.

## COUNT FOUR

### THE GRAND JURY FURTHER CHARGES:


**THAT**, on or about April 17, 2001, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by Patrick Ackroyd, who is named herein as an aider and abettor but not charged, unlawfully and knowingly used fire to commit a felony that may be prosecuted in a court of the United States; namely, the felony charged in Count Three of this indictment.


**ALL** in violation of Section 844(h) and Section 2 of Title 18 of the United States Code.


## COUNT FIVE

### THE GRAND JURY FURTHER CHARGES:


**AT** all times material to Count Five, both the defendant, DAVID CAIN, JR. (d/b/a Dave's Tree Service) and Bracey's Tree Service ("BTS") and Chuck Bracey were engaged in interstate commerce in the tree service and logging business, an industry which affected interstate commerce.

**ON OR ABOUT** February 26, 2002, in the Western District of New

6

York, defendants DAVID CAIN, JR. aided and abetted by JAMES SOHA, a/k/a "JAMIE" and by Patrick Ackroyd, named herein as an aider and abettor but not charged, and by others known to the grand jury, unlawfully obstructed, delayed and affected commerce, and attempted to obstruct, delay and affect commerce by extortion.

**THAT IS TO SAY**, on or about February 26, 2002, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by defendant JAMES SOHA, a/k/a "JAMIE" and by Patrick Ackroyd, named herein as an aider and abettor but not charged, and by others obtained and attempted to obtain the property of BTS and Chuck Bracey with Bracey's consent, said consent having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that defendant DAVID CAIN, JR. caused and directed defendant JAMES SOHA, a/k/a "JAMIE," Patrick Ackroyd and others to damage and destroy BTS's business premises and equipment at 6161 McKee Street, Newfane, New York by committing an arson on said premises in order to obtain and attempt to obtain BTS's share of the tree service and logging business in and around Niagara and Orleans Counties.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of the United States Code.

<u>**COUNT SIX**</u>

7

**THE GRAND JURY FURTHER CHARGES:**

**THAT**, on or about February 26, 2002, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by defendant JAMES SOHA, a/k/a "JAMIE" and by Patrick Ackroyd, named herein as an aider and abettor, but not charged, and others known to the grand jury, unlawfully and knowingly used fire to commit a felony that may be prosecuted in a court of the United States; namely, the felony charged in Count Five of this indictment.

**ALL** in violation of Section 844(h) and Section 2 of Title 18 of the United States Code.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES:**

**AT** all times material to this Count, both the defendant, DAVID CAIN, JR. (d/b/a Dave's Tree Service) and Cutting Edge Tree Service ("CETS") and Chris McComber were engaged in interstate commerce in the tree service and logging business, an industry which affected interstate commerce.

**ON OR ABOUT** October 5, 2002, in the Western District of New

8

York, defendants DAVID CAIN, JR. and JAMES SOHA, a/k/a "JAMIE," aided and abetted by Sean Cooper, named herein as an aider and abettor but not charged, and others known to the grand jury, unlawfully obstructed, delayed and affected commerce, and attempted to obstruct, and delay and affect commerce by extortion.

**THAT IS TO SAY**, on or about October 5, 2002, in the Western District of New York, defendant DAVID CAIN, JR. obtained and attempted to obtain the property of CETS and Chris McComber with McComber's consent, said consent having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that defendant DAVID CAIN, JR. caused and directed others, including Sean Cooper and defendant JAMES SOHA, a/k/a "JAMIE," to damage and destroy Cutting Edge Tree Service equipment at 7818 Chestnut Ridge Road, Royalton, Lockport, New York in order to obtain and attempt to obtain CETS's share of the tree service and logging business in and around Niagara and Orleans Counties.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of the United States Code.

## COUNT EIGHT

9

## THE GRAND JURY FURTHER CHARGES:

**AT** all times material to this Count, both the defendant, DAVID CAIN, JR. (d/b/a Dave's Tree Service) and Dan's Tree Service ("DTS") and  Dan Gollus were engaged in interstate commerce in the tree service and logging business, an industry which affected interstate commerce.

**ON OR ABOUT** March 23, 2003, in the Western District of New York, defendants DAVID CAIN, JR., and JAMES SOHA, a/k/a "JAMIE," aided and abetted by others known to the grand jury, unlawfully obstructed, delayed and affected commerce, and attempted to obstruct, delay and affect commerce by extortion.

**THAT IS TO SAY**, on or about March 23, 2003, in the Western District of New York, defendant DAVID CAIN, JR. obtained and attempted to obtain the property of DTS and Dan Gollus with Golus's consent, said consent having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that defendant DAVID CAIN, JR. caused and directed others, including defendant JAMES SOHA, a/k/a "JAMIE," to damage and destroy DTS's equipment at 7761 Wheeler Road, Hartland, New York in order obtain and attempt to obtain DTS's share of the tree service and logging business in and around Niagara and Orleans

10

Counties.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of the United States Code.

## COUNT NINE

### THE GRAND JURY FURTHER CHARGES:

**THAT,** from on or about April 17, 2003, and continuing thereafter until on or about October 13, 2004, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by Cheryl Wagner and others known to the grand jury, unlawfully, willfully and knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses and representations from the New York Central Mutual Insurance Company, and, for the purpose of executing said scheme and artifice, and attempting so to do, placed and caused to be placed in post offices and authorized depositories for mail matter, matters and things, namely claim forms and related documents and correspondence to be sent and delivered by the Postal Service, and took and received from the Postal Service claim forms, related documents and correspondence, and knowingly caused to be delivered by mail according to the directions thereon and at the place at which said claim forms, related documents and

11

correspondence was directed to the person to whom it was addressed said claim forms, related documents and correspondence.

**THAT IS TO SAY**

1.  On or about April 17, 2003, in the Western District of New York, the defendant intentionally hit (assaulted) Cheryl Wagner at Cain's Salvage Yard, 6481 Dale Road, Newfane, New York, with a sport utility vehicle thereby breaking Wagner's pelvis and causing other injuries to Wagner.

2.  Thereafter, the defendant, Wagner and others concocted a story that Wagner accidentally sustained the injuries at the home of the defendant's parents, 2087 Lonnon Road, Barker, New York, in that Wagner was pinned between two vehicles after one of the vehicles rolled backward into a second vehicle while Wagner was between the two vehicles.

3.  Thereafter, the defendant caused and aided and abetted Wagner in submitting a claim to the New York Central Mutual Insurance Company for the medical expenses Wagner sustained as a result of the defendant's April 17, 2003 assault of her with an SUV falsely claiming, in sum and substance, that Wagner's injuries were incurred in the "accident" more fully described in the preceding paragraph, which claim the New York Central Mutual Insurance

Company paid.

    4.   And, as a part of the aforesaid scheme, the defendant caused claim forms, related documents and correspondence to be sent and received via the United States Postal Service on or about the date listed:

> New York Motor Vehicle No Fault Insurance Law Application for Motor Vehicle No Fault Benefits (4/29/03)
>
> Letter from New York Central Mutual Insurance Company ("NYC Mutual") to Medina Memorial Hospital (5/12/03)
>
> Health Insurance Claim Form (5/8/03)
>
> New York Motor Vehicle No Fault Insurance Law Assignment of Benefits Form (5/3/03)
>
> May 2, 2003 letter from Dr. Mark J. Anders to NYC Mutual
>
> Adjuster's Transmittal Report of 5/12/2003, with attachments
>
> Erie County Medical Center ("ECMC") Billing Records Sent to NYC Mutual on or about July 9, 2003
>
> Checks as follows:

| PAYEE | AMOUNT | DATE |
|---|---|---|
| ECMC | $4146.22 | 7/17/03 |
| University Orthopedic Service | 41.31 | 5/23/03 |
| LaSalle Ambulance | 875.20 | 5/23/03 |
| Kenneth Brooks, MD PC | 39.20 | 5/23/03 |
| Medina Memorial Health System | 249.99 | 6/18/03 |
| Medina Memorial Health System | 20.45 | 6/18/03 |
| University Radiology at ECMC | 97.80 | 9/09/03 |
| University Emergency Medical Services | 202.37 | 9/18/03 |
| Imaging Associates of Buffalo | 137.00 | 9/19/03 |

University at Buffalo Surgeons             104.65            9/19/03

**ALL** in violation of Section 1341 and Section 2 of Title 18 of the United States Code.

## COUNT TEN

### THE GRAND JURY FURTHER CHARGES:

**THAT** on, or sometime after, April 17, 2003, the exact date being unknown, in the Western District of New York, defendant DAVID CAIN, JR., unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded and engaged in misleading conduct toward Timothy Smider with intent to (a) influence and prevent Timothy Smider's testimony in an official proceeding, namely, an investigation by a federal grand jury into the facts and circumstances of any insurance claims that would be made as a result of injuries sustained as a result of the defendant's April 17, 2003 assault on Cheryl Wagner as more fully described in Count ten of this indictment, and (b) hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a federal offense.

**THAT IS TO SAY**, on, or sometime after, April 17, 2003, the exact date being unknown, in the Western District of New York, the defendant told Tim Smider, a witness to the defendant's April 17, 2003 assault on Cheryl Wagner more fully described in Count Nine, which description is incorporated herein by reference and realleged as if fully set forth herein, not to worry about the assault because the defendant and Wagner had fabricated a story that Wagner's injuries were the result of an "accident" that occurred at the defendant's mother's house.

**ALL** in violation of subsections 1512(b)(1) and (3) of Title 18 of the United States Code.

## COUNT ELEVEN

### THE GRAND JURY FURTHER CHARGES:

**THAT**, commencing sometime in May or June of 2003, the exact date being unknown and continuing thereafter to an unknown date, in the Western District of New York, defendant CHRIS CAIN unlawfully and knowingly combined, conspired, confederated and agreed together with Paul Rutherford, Jr., named herein as a co-conspirator but not charged, and with others, known and unknown, to manufacture and possess marijuana, a Schedule I controlled substance, with intent to distribute, and to distribute same.

15

**ALL** in violation of Section 846 of Title 21 of the United States Code.

## COUNT TWELVE

### THE GRAND JURY FURTHER CHARGES:

**THAT,** from sometime prior to August 19, 2003, and continuing thereafter until on or about the date of the return of this indictment, in the Western District of New York, defendants DAVID CAIN, JR. and CHRIS CAIN, together with Paul Rutherford, Jr., who is named herein as an aider and abettor, but not charged, unlawfully, willfully and knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses and representations from the New York Central Mutual Insurance Company, and, for the purpose of executing said scheme and artifice, and attempting so to do, placed and caused to be placed in post offices and authorized depositories for mail matter, matters and things, namely claim forms and related documents and correspondence to be sent and delivered by the Postal Service, and took and received from the Postal Service claim forms, related documents and correspondence, and knowingly caused to be delivered by mail according to the directions thereon and at the place at which said claim forms, related documents and correspondence was directed to the person to whom it was addressed said claim forms, related documents and correspondence.

16

**THAT IS TO SAY**

1.  Sometime prior to August 19, 2003, a tree or large branch fell on a residence owned by Ann Cain and David Cain, Sr. at 1423 County Line Road, Barker, New York thereby causing damage to the residence.  Ann Cain and David Cain, Sr. thereafter submitted an insurance claim for this damage, but said claim was denied by the Cains' insurance company, the New York Central Mutual Insurance Company.

2.  In the period prior to August 19, 2003, the aforementioned residence was rented, but the tenant had failed to stay current with the rent.

3.  On or about August 19, 2003, defendants DAVID CAIN, JR., CHRIS CAIN, and another whose identity is known to the grand jury, directed and caused Paul Rutherford, Jr. to intentionally set fire to (commit an arson) the aforementioned residence so that Ann Cain and David Cain, Sr., could submit an insurance claim for the fire loss to said residence, and, as a result, the residence was totally destroyed by fire.

17

4.  Thereafter, Ann Cain and David Cain, Sr., made a claim to the New York Central Mutual Insurance Company for the August 19, 2003 loss of the aforesaid residence, and in said claim, falsely stated, in sum and substance, that the fire that destroyed the aforesaid residence was the result of an accident, and not the result of any intentional act.

5.  And, as a part of the aforesaid scheme, the defendants caused claim forms, related documents and correspondence to be sent via the United States Postal Service to be sent and received via the United States Postal Service on or about the date listed:

> Claim Acknowledgment (8/19/03)
>
> Memo from New York Central Mutual ("NYCM") to AF Stager  (undated)
>
> Letter from NYCM to the Porter Agency (8/20/03)
>
> Letter from NYCM to David R. Cain and Ann Cain (8/21/03)
>
> Letter from NYCM to Albert F. Stager, Inc. (8/26/03)
>
> Letter from NYCM to David R. Cain and Ann G. Cain (8/29/03)
>
> Invoice from TND Investigations, Inc. ("TND") (9/4/03)
>
> Memorandum from Albert F. Stager, Inc. to NYCM (10/2/03)
>
> Laboratory Report from Environmental laboratory Services to NYCM (9/29/03)

Adjuster's Transmittal Report, Albert F. Stager, Inc. to NYCM (with market value appraisal)(10/10/03)

Letter from NYCM to David R. and Ann G. Cain (10/20/03)

Invoice from TND (11/12/03 received stamp)

Letter from NYCM to David R. and Ann G. Cain (11/20/03)

Adjusters Transmittal Report, Albert F. Stager, Inc. to NYCM (12/3/03)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to David Cain and Ann Cain (12/17/03)

Letter from NYCM to David R. and Ann G. Cain (12/30/03)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (1/13/04)

Letter from NYCM to David R. and Ann G. Cain (1/29/04)

Sworn Statement in Proof of Loss (2/19/04 received stamp)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (2/19/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (2/23/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to George VC Muscato (2/24/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (3/9/04)

Letter from Albert F. Stager, Inc. to NYCM (4/2/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to Donald Bounds (copy to NYCM)(4/1/04)

Letter from NYCM to David R. and Ann G. Cain (4/12/2004)

Adjuster's Transmittal Report, Albert F. Stager, Inc. to NYCM (4/14/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (5/6/04)

Letter from NYCM to David R. and Ann G. Cain (5/12/2004)

Letter from NYCM to David R. and Ann G. Cain (5/17/2004)

Letter from NYCM to David R. and Ann G. Cain (6/09/2004)

Letter from NYCM to David R. and Ann G. Cain (6/11/2004)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (6/18/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (7/15/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (8/10/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (10/7/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (11/17/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (1/21/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (2/11/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham and Coppola, LLC to NYCM (2/23/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (7/15/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (8/10/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (10/7/04)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (1/21/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (2/11/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (2/23/05)

Letter from George V.C. Muscato to Ann G. Cain
(3/15/05)

Invoice from TND (4/4/05 received stamp)

Letter from George V.C. Muscato to Ann G. Cain
(4/27/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (4/28/05)

Invoice from Rupp, Baase, Pfalzgraf,
Cunningham and Coppola, LLC (5/12/05)

Letter from Rupp, Basse, Pfalzgraf, Cunningham
and Coppola, LLC (8/15/05 received stamp)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (8/17/05)

Invoice from Rupp, Baase, Pfalzgraf,
Cunningham and Coppola, LLC (8/2/05)

Letter from Grashow Law Offices to Ann Cain
and David Cain, Sr. (7/20/05)

Letter from Grashow Law Offices to Steven A.
Sharkey, Esq. (8/8/05)

Letter from Grashow Law Offices to Ann Cain
and David Cain, Sr. (8/10/05)

Letter from Grashow Law Offices to Steven A.
Sharkey, Esq. (8/10/05)

Letter from Grashow Law Offices to Steven A.
Sharkey, Esq. (8/29/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (8/31/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (9/7/05)

Invoice   from   Rupp,   Baase,   Pfalzgraf,
Cunningham and Coppola, LLC (9/9/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (9/16/05)

Letter from Rupp, Baase, Pfalzgraf, Cunningham
and Coppola, LLC to NYCM (10/4/05)

**ALL** in violation of Section 1341 and Section 2 of Title 18 of
the United States Code.

## COUNT THIRTEEN

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about August 19, 2003, in the Western District of
New York, defendants DAVID CAIN, JR. and CHRIS CAIN, aided and
abetted by Paul Rutherford, Jr., who is named herein as an aider
and abettor but not charged, unlawfully and knowingly used fire to
commit a felony that may be prosecuted in a court of the United
States; namely, the felony charged in Count Twelve of this

22

indictment.

**ALL** in violation of Section 844(h) and Section 2 of Title 18 of the United States Code.

### COUNT FOURTEEN

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about October 2, 2003, in Orleans County in the Western District of New York, defendant CHRIS CAIN together with Paul Rutherford, Jr., Nathan Stanley, Mechelle Lawless and another known to the grand jury, unlawfully, willfully, and knowingly combined, conspired and agreed together, with each other and with others, known and unknown, to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant CHRIS CAIN, together with Paul Rutherford, Jr., Nathan Stanley, Mechelle Lawless and another known to the grand jury unlawfully combined, conspired, confederated and agreed to take and obtain personal property consisting of currency and firearms from Thomas and Marjorie Carter, the owners and possessors of property located at 4146 Shelby Basin Road, Yates, New York, against their will by means of actual and immediate threat of force, violence, and fear of injury

to the person of Marjorie Carter, that is, by conspiring to demand and obtain said property by threatening Marjorie Carter at gunpoint.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of the United States Code.

## COUNT FIFTEEN

### THE GRAND JURY FURTHER CHARGES:

**THAT**, starting sometime after October 2, 2003, and continuing thereafter for approximately a month, in the Western District of New York, defendant CHRIS CAIN, aided and abetted by others, unlawfully, willfully and knowingly engaged in misleading conduct toward Mechelle Lawless with intent to have Mechelle Lawless evade legal process summoning Mechelle Lawless to appear as a witness before the federal grand jury and testify about the robbery more fully described in Count Fourteen of this indictment.

**THAT IS TO SAY**, during the aforesaid period, defendant CHRIS CAIN hid Mechelle Lawless so that she could not be found in the event authorities issued a subpoena requiring her to appear before the federal grand jury.

**ALL** in violation of Section 1512(b)(2)(C) and Section 2 of Title 18 of the United States Code.

## COUNT SIXTEEN

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about July 9, 2004, in Royalton, New York, in the Western District of New York, defendant DAVID CAIN, JR. unlawfully, willfully, and knowingly set fire to, damaged, destroyed, disabled and wrecked a 1949 Ryan Navion airplane, the same being a civil aircraft used, operated, and employed in interstate air commerce.

**ALL** in violation of Section 32(a) of Title 18 of the United States Code.

## COUNT SEVENTEEN

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about July 9, 2004, in the Western District of New York, defendant DAVID CAIN, JR., unlawfully and knowingly used fire to commit a felony that may be prosecuted in a court of the United States; namely, the felony charged in Count Sixteen of this indictment.

25

**ALL** in violation of Section 844(h) of Title 18 of the United States Code.

**COUNT EIGHTEEN**

**THE GRAND JURY FURTHER CHARGES:**

**THAT**, on or about July 9, 2004, in Royalton, New York in the Western District of New York, defendant DAVID CAIN, JR. unlawfully, knowingly, and maliciously damaged and destroyed by means of fire an airplane hangar at 4855 Mackey Road, Royalton, New York containing the aforementioned 1949 Ryan Navion airplane, the same being a building used in interstate commerce and used in activities affecting interstate commerce.

**ALL** in violation of Section 844(i) of Title 18 of the United States Code.

**COUNT NINETEEN**

**THE GRAND JURY FURTHER CHARGES:**

Between on or about October 13, 2004 and January 1, 2006, the exact dates being unknown, in the Western District of New York, the defendant, DAVID CAIN, JR., together with Tracy Maracle, who is

named herein as a co-conspirator but not charged, and others known
to the grand jury, unlawfully, willfully and knowingly combined,
conspired, confederated and agreed together, with each other, and
with others unknown to violate the provisions of Section 1512(b)(1)
of Title 18 of the United States Code.

**THAT IS TO SAY**, during the aforesaid period, the defendant,
DAVID CAIN, JR., together with Tracy Maracle, who is named herein
as a co-conspirator but not charged and others unlawfully,
willfully and knowingly combined, conspired, confederated and
agreed to use intimidation and threats against Timothy Smider and
to corruptly persuade and engage in misleading conduct toward
Smider with intent to influence and prevent Smider's testimony in
an official proceeding, namely an investigation being conducted by
the May 2004 Grand Jury for the Western District of New York.

**ALL** in violation of Section 1512(k) of Title 18 of the United
States Code.

<u>COUNT TWENTY</u>

<u>THE GRAND JURY FURTHER CHARGES:</u>

Between on or about October 13, 2004 and January 1, 2006, the
exact dates being unknown, in the Western District of New York, the

defendant, DAVID CAIN, JR., aided, abetted, counseled, commanded, induced and procured and caused Tracy Maracle, named herein as an aider and abettor, but not charged, and others known to the grand jury, to unlawfully, willfully and knowingly use intimidation and threats against Timothy Smider and corruptly persuade, attempt to corruptly persuade and engage in misleading conduct toward Smider with intent to influence and prevent Smider's testimony in an official proceeding, namely an investigation being conducted by the May 2004 Grand Jury for the Western District of New York.

**ALL** in violation of Section 1512(b)(1) and Section 2 of Title 18 of the United States Code.

## COUNT TWENTY-ONE

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about December 7, 2004, in the Western District of New York, defendant DAVID CAIN, JR. unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded, and engaged in misleading conduct toward Larry Kropp with intent to influence the testimony of Larry Kropp before the May 2004 Grand Jury for the Western District of New York.

**ALL** in violation of Section 1512(b)(1) of Title 18 of the

United States Code.

## COUNT TWENTY-TWO

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about January 30, 2005, in the Western District of New York, defendant DAVID CAIN, JR., unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded, and engaged in misleading conduct toward Cheryl Wagner with intent to influence the testimony of Cheryl Wagner before the May 2004 Grand Jury for the Western District of New York.

**ALL** in violation of Section 1512(b)(1) of Title 18 of the United States Code.

## COUNT TWENTY-THREE

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about February 1, 2005, in the Western District of New York, defendant DAVID CAIN, JR., unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded, and engaged in misleading conduct toward Nathan Stanley with intent to influence the testimony of Nathan Stanley before the May 2004 May 2004 Grand Jury for the Western District of New York.

**ALL** in violation of Section 1512(b)(1) of Title 18 of the

United States Code.

### COUNT TWENTY-FOUR

### THE GRAND JURY FURTHER CHARGES:


**THAT**, sometime in February of 2005, the exact date being unknown, in the Western District of New York, defendant CHRIS CAIN unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded and engaged in misleading conduct toward Larry Kropp with intent to (a) cause and induce Kropp to be absent from the February 4, 2005 session of the May 2004 Grand Jury for the Western District of New York, a session to which Kropp had been subpoenaed, and (b) influence Kropp's testimony before the same grand jury.


**ALL** in violation of subsections (2)(D) and (1) of Section 1512(b) of Title 18 of the United States Code.


### COUNT TWENTY-FIVE

### THE GRAND JURY FURTHER CHARGES:


**THAT**, commencing on an unknown date prior to February 28, 2005, and continuing to on or about February 28, 2005, in the Western District of New York, defendant DAVID CAIN, JR. unlawfully, willfully and knowingly combined, conspired, confederated and

agreed together and with Cheryl Wagner, named herein as a co-conspirator but not charged, to corruptly persuade, and engage in misleading conduct toward Sean Cooper with intent to hinder, delay, and prevent the communication to law enforcement officers of the United States relating to the commission and possible commission of a Federal offense.

**ALL** in violation of Section 1512(k) of Title 18 of the United States Code.

**COUNT TWENTY-SIX**

**THE GRAND JURY FURTHER CHARGES:**

**THAT,** commencing on an unknown date prior to February 28, 2005, and continuing to on or about February 28, 2005, in the Western District of New York, defendant DAVID CAIN, JR. and Cheryl Wagner, named herein as an aider and abettor but not charged, unlawfully, willfully and knowingly attempted to corruptly persuade, corruptly persuaded and engaged in misleading conduct toward Sean Cooper with intent to hinder, delay, and prevent the communication to law enforcement officers of the United States relating to the commission and possible commission of a Federal offense.

**ALL** in violation of Section 1512(b)(3) and Section 2 of Title

18 of the United States Code.

## COUNT TWENTY-SEVEN

### THE GRAND JURY FURTHER CHARGES:


**THAT**, commencing on or about August 18, 2004 and continuing until on or about May 17, 2005, in the Western District of New York, defendant DAVID CAIN, JR. unlawfully, willfully and knowingly combined, conspired, confederated and agreed together and with Joseph Heitzenrater, named herein as a co-conspirator but not charged, and others, both known and unknown, to attempt to corruptly conceal and to corruptly conceal objects, namely, toolboxes, tools, and hydraulic controls, with intent to impair these objects' availability for use in an investigation being conducted by a task force investigating, among others, DAVID CAIN, JR., and by the May 2004 Grand Jury for the Western District of New York.


**ALL** in violation of Section 1512(k) of Title 18 of the United States Code.


## COUNT TWENTY-EIGHT

### THE GRAND JURY FURTHER CHARGES:


**THAT**, commencing on or about August 18, 2004 and continuing

32

until on or about May 17, 2005, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by Joseph Heitzenrater, named herein as an aider and abettor but not charged, and by others, both known and unknown, unlawfully, willfully and knowingly corruptly concealed objects, namely, toolboxes, tools and hydraulic controls, with intent to impair these objects' availability in an investigation being conducted by a task force investigating, among others, DAVID CAIN, JR., and by the May 2004 Grand Jury for the Western District of New York.

**ALL** in violation of Section 1512(c)(1) of Title 18 of the United States Code.

## INTRODUCTION TO COUNTS TWENTY-NINE AND THIRTY

## THE GRAND JURY FURTHER CHARGES:

**THAT** at all times material to Counts Twenty-Nine and Thirty:

A.  **THE ENTERPRISE** - At all times relevant to counts Twenty-nine and Thirty of this indictment, defendants DAVID CAIN, JR., CHRIS CAIN, and JAMES SOHA, a/k/a "JAMIE," together with Patrick Ackroyd and others both known and unknown to the grand jury, constituted an enterprise, as that term is defined in 18 U.S.C. § 1961(4), namely a group of individuals associated in fact and

33

constituting a criminal organization whose members engaged in unlawful activity including extortion, marijuana trafficking, arson, robbery, insurance fraud, and witness and evidence tampering in and around Niagara and Orleans Counties in the Western District of New York. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the goals of the enterprise. This enterprise was engaged in, and its activities affected interstate and foreign commerce.

B.    **PURPOSES OF THE ENTERPRISE** - The purposes of the enterprise included the following:

1.    Enriching the members and associates of the enterprise through, among other criminal activities, using extortion and arson to drive competitors of defendant DAVID CAIN, JR's tree service and logging business out of business so that defendant DAVID CAIN, JR. could, in effect, monopolize the tree service and logging business in eastern Niagara and western Orleans Counties, marijuana trafficking, robbery and insurance fraud; and

2.    Insulating and attempting to insulate the enterprise's members and associates from prosecution by engaging in numerous acts of witness and evidence tampering.

34

C.    **THE ENTERPRISE'S MEANS AND METHODS** - Among the means and methods by which the defendants and other members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

1.    The enterprise's members and associates used, attempted to use, and conspired to use extortion, arson, and insurance fraud which, in many instances, affected interstate commerce.

2.    The enterprise's members and associates engaged in witness and evidence tampering to attempt to insulate and to insulate themselves from prosecution.

3.    The enterprise's members and associates promoted a climate of fear through violence, threats of violence and by committing arsons, at times, in furtherance of the objects of the enterprise.

## COUNT TWENTY-NINE

### THE GRAND JURY FURTHER CHARGES:

A-C.    Paragraphs A through C, inclusive, of the Introduction to Counts Twenty-nine and Thirty are incorporated herein by reference and realleged as if more fully set forth herein.

D.    **THE RACKETEERING VIOLATION** - From sometime in 1993 or 1994, the exact date being unknown, and continuing thereafter to the date of the filing of this indictment, in the Western District of New York and elsewhere, defendants DAVID CAIN, JR., CHRIS CAIN, and JAMES SOHA, a/k/a "JAMIE," together with Patrick Ackroyd, and others, both known and unknown to the grand jury, being persons employed by and associated with the enterprise described in the Introduction, which enterprise was engaged in and the activities of which affected interstate commerce, did unlawfully and knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1) and (5) through the commission of the following acts:

36

## FIRST RACKETEERING ACT - CHERRY'S AUTO WRECKING ARSON

The defendant, DAVID CAIN, JR., committed the following acts of racketeering, either one of which alone constitutes the commission of the First Racketeering Act.

### A.  Violation of Section 150.10 of the New York Penal Law

On or about June 1, 1994, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by Paul Rutherford, Jr., named herein as an aider and abettor but not charged, and others, known and unknown, committed an act involving arson, that is, they intentionally damaged a building located at 3318 North Gravel Road, Ridgeway, New York by causing an explosion and starting a fire.

**ALL** in violation of New York Penal Law, Sections 150.10 and 20.00.

### B.  Violation of Section 105.10 of the New York Penal Law

**COMMENCING** on or before June 1, 1994, and continuing until on

37

or about June 1, 1994, in the Western District of New York, defendant DAVID CAIN, JR., and others committed an act involving arson, that is, he combined, conspired, confederated and agreed together and with Paul Rutherford, Jr., identified herein as a co-conspirator but not charged, and others, both known and unknown to commit a violation of New York Penal Law, Section 150.10, by intentionally damaging a building located at 3318 North Gravel Road, Medina, New York by causing an explosion and starting a fire.

In furtherance of said conspiracy and in order to affect its purpose and object, on or about June 1, 1994, the defendant, Paul Rutherford, Jr., and another whose identity is known to the grand jury, went to the above-listed address, broke into a building used as, among other things, an office, punctured the fuel tanks of vehicles found inside said building, and then lit the gasoline on fire, thereby causing both an explosion and a fire which destroyed the said building.

**ALL** in violation of New York Penal Law, Section 105.10.

## SECOND RACKETEERING ACT - SOHA STORAGE BUILDING ARSON

On or about October 20, 1994, in the Western District of New York, defendant DAVID CAIN, JR., committed an act involving arson,

38

that is, the defendant intentionally damaged a storage building located at 2036 Lonnon Road, Barker, New York by starting a fire.

**ALL** in violation of New York Penal Law, Section 150.10.

## THIRD RACKETEERING ACT - CALLAGHAN CAPRICE ARSON

Sometime prior to November 25, 1994, Niagara County Sheriff's Deputy Timothy Callaghan attempted to serve an arrest warrant on Paul Rutherford, Jr., and in searching for Rutherford, Jr., pulled over defendant DAVID CAIN, JR., to ask him the whereabouts of Paul Rutherford, Jr., and in the process, issued citations to the defendant for equipment violations. Thereafter, Callaghan in fact arrested defendant DAVID CAIN, JR. Following this arrest, both as revenge for Callaghan's efforts to arrest Paul Rutherford, Jr. and in revenge for Callaghan arresting the defendant and to "warn" Callaghan not to interfere with their activities, defendants DAVID CAIN, JR., and CHRIS CAIN, together with another whose identity is known, committed the following acts of racketeering, either one of which constitute the commission of the Second Racketeering Act.

A.   **Violation of Section 105.10 of the New York Penal Law**

**COMMENCING** sometime prior to November 25, 1994, and continuing

to on or about November 25, 1994, in the Western District of New York, defendants DAVID CAIN, JR., and CHRIS CAIN, committed an act involving arson, that is, they combined, conspired, confederated and agreed together and with another whose identity is known to commit a violation of New York Penal Law, Section 150.10, by intentionally damaging a motor vehicle, to wit: a Chevrolet Caprice parked at 2669 Grace Avenue, Newfane, New York by starting a fire.

In furtherance of said conspiracy, and in order to affect its purpose and object, on or about November 25, 1994, the defendants DAVID CAIN, JR. and CHRIS CAIN and another whose identity is known went to 2669 Grace Avenue, Newfane, New York where they poured gasoline on the aforementioned Chevrolet Caprice and lit the gasoline on fire thereby destroying the Chevrolet Caprice.

**ALL** in violation of New York Penal Law, Section 105.10.

B.  **Violation of Section 150.10 of the New York Penal Law**

On or about November 25, 1994, in the Western District of New York, defendants DAVID CAIN, JR., and CHRIS CAIN, aided and abetted by another whose identity is known, committed an act involving arson, that is, they intentionally damaged a motor vehicle, to wit: a Chevrolet Caprice parked at 2669 Grace Avenue, Newfane, New York

40

by starting a fire.

**ALL** in violation of New York Penal Law, Section 150.10.

### <u>FOURTH RACKETEERING ACT - LUCZAK GARAGE ARSON</u>

Sometime prior to May 6, 1995, Mark Luczak made a report to the Orleans County Sheriff's Office that Paul Rutherford, Jr. had stolen a three-wheeled all terrain vehicle ("ATV") from him, and Rutherford, Jr. was thereafter prosecuted for this theft. Thereafter, and after a confrontation with Luczak's sister, and in revenge for Mark Luczak making the aforesaid report to the Orleans County Sheriff, defendant DAVID CAIN, JR. committed the following two acts of racketeering, either one of which constitutes the commission of the Fourth Racketeering Act:

A.  **Violation of New York Penal Law, Section 105.10**

**COMMENCING** on or about or prior to May 6, 1995, and continuing to on or about May 6, 1995, in the Western District of New York, defendant DAVID CAIN, JR. committed an act involving arson, that is, he combined, conspired, confederated and agreed with Paul Rutherford, Jr., named herein as co-conspirator but not charged, to commit a violation of New York Penal Law, Section 150.10, by

41

intentionally damaging a building (a garage) at 2050 Harris Road, Carlton, New York by causing an explosion and starting a fire.

**IN FURTHERANCE OF SAID CONSPIRACY** and in order to affect its purpose and object, on or about May 6, 1995, defendant DAVID CAIN, JR. and Paul Rutherford, Jr. broke into the garage at 2050 Harris Road, Waterport, New York, spread gasoline throughout said garage, broke open a line from a propane tank located adjacent to the garage, and then lit the gasoline on fire, thereby causing an explosion and a fire which destroyed the said garage.

**ALL** in violation of New York Penal Law Section 105.10.

B.  **Violation of New York Penal Law, Section 150.10**

**ON OR ABOUT** May 6, 1995, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by Paul Rutherford, Jr., named herein as an aider and abettor but not charged, committed an act involving arson, that is, they intentionally damaged a building (a garage) at 2050 Harris Road, Waterport, New York, by causing an explosion and starting a fire.

**ALL** in violation of New York Penal Law, Section 150.10 and 20.00.

42

## FIFTH RACKETEERING ACT - MATHEIS HOUSE ARSON

On an unknown date prior to August 29, 1996, Robert Matheis undertook to renovate a dwelling located at 7424 Ridge Road, Lockport, New York. However, because of various delays and mounting expenses that Matheis encountered in renovating the aforesaid dwelling, Matheis solicited the defendant, DAVID CAIN, JR. to burn the said dwelling so that Matheis could file an insurance claim and collect the insurance on the property. Thereafter, the defendant, DAVID CAIN, JR., committed the following acts of racketeering, either one of which alone constitutes the commission of the Fifth Racketeering Act:

A.  **Violation of New York Penal Law, Section 105.10**

**COMMENCING** on a date prior to August 29, 1996, which date is unknown to the grand jury, and continuing to on or about on or about August 29, 1996, in the Western District of New York, defendant DAVID CAIN, JR. committed an act involving arson, that is, he combined, conspired, confederated and agreed with Patrick Ackroyd, named herein as co-conspirator but not charged, to commit a violation of New York Penal Law, Section 150.10, by intentionally

43

damaging a building (a dwelling) at 7424 Ridge Road, Lockport, New York by starting a fire.

**IN FURTHERANCE OF SAID CONSPIRACY** and in order to affect its purpose and object, on or about August 29, 1996, defendant DAVID CAIN, JR. and Patrick Ackroyd entered the dwelling at 7424 Ridge Road, Lockport, New York, spread gasoline throughout said dwelling, and then lit the gasoline on fire, thereby causing a fire which heavily damaged the said dwelling.

**ALL** in violation of New York Penal Law Section 105.10.

B.  **Violation of New York Penal Law, Section 150.10**

**ON OR ABOUT** August 29, 1996, in the Western District of New York, defendant DAVID CAIN, JR., aided and abetted by Patrick Ackroyd, named herein as an aider and abettor but not charged, committed an act involving arson, that is, they intentionally damaged a building (a dwelling) at 7424 Ridge Road, Lockport, New York, by starting a fire.

**ALL** in violation of New York Penal Law, Section 150.10 and 20.00.

44

## SIXTH RACKETEERING ACT - FIRST HOBBS ACT EXTORTION
## OF KEITH KENT AND JORDAN RIVER LOGGING

**AT** all times material to this Racketeering Act, both the defendant, DAVID CAIN, JR. (d/b/a Dave's Tree Service) and Jordan River Logging ("JRL") and Keith Kent were engaged in interstate commerce in the tree service and logging business, an industry which affected interstate commerce.

**ON OR ABOUT** May 1, 2000, in the Western District of New York, defendants DAVID CAIN, JR., aided and abetted by others known to the grand jury, unlawfully obstructed, delayed and affected commerce, and attempted to obstruct and delay commerce by extortion.

**THAT IS TO SAY**, on or about May 1, 2000, in the Western District of New York, defendant DAVID CAIN, JR. obtained and attempted to obtain the property of JRL and Keith Kent with Kent's consent, said consent having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that defendant DAVID CAIN, JR. caused and directed others to damage and destroy JRL equipment both at 13299

45

West Lee Road, Barre, New York and at a job site on Porter Road,
Ridgeway, New York, in order to obtain and attempt to obtain JRL's
share of the tree service and logging business in and around
Niagara and Orleans Counties.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of
the United States Code.

### SEVENTH RACKETEERING ACT - SECOND HOBBS ACT EXTORTION OF KEITH KENT AND JORDAN RIVER LOGGING

**AS AND FOR** the Seventh Racketeering Act, the allegations of
Count One of this indictment are incorporated herein by reference
and re-alleged as if specifically set forth herein.

### EIGHTH RACKETEERING ACT - THIRD HOBBS ACT EXTORTION OF KEITH KENT AND JORDAN RIVER LOGGING (THE ATTEMPT)

**AT** all times material to this Racketeering Act, both the
defendant, DAVID CAIN, JR. (d/b/a Dave's Tree Service) and Jordan
River Logging ("JRL") and Keith Kent were engaged in interstate
commerce in the tree service and logging business, an industry
which affected interstate commerce.

**ON OR ABOUT** January 8, 2001, in the Western District of New

York, defendants DAVID CAIN, JR. and JAMES SOHA, a/k/a "JAMIE,"
aided and abetted by one another and by Patrick Ackroyd, named
herein as an aider and abettor but not charged, and by others known
to the grand jury, unlawfully attempted to obstruct, delay and
affect commerce by extortion.

**THAT IS TO SAY**, on or about January 8, 2001, in the Western
District of New York, defendants DAVID CAIN, JR. and JAMES SOHA,
a/k/a "JAMIE," together with Patrick Ackroyd and others known to
the grand jury, attempted to obtain the property of Keith Kent and
JRL with Kent's consent, said consent having been induced by the
wrongful use of actual and threatened force, violence and fear,
including fear of economic harm, in that defendant DAVID CAIN, JR.,
aided and abetted by defendant JAMES SOHA, a/k/a "JAMIE" and by
Patrick Ackroyd and others, caused damage to and destroyed
equipment belonging to Chuck Bracey and Bracey Tree Service at a
job site on Marshall Road in Medina, New York under the mistaken
belief that said equipment belonged to Keith Kent and JRL, in order
to attempt to obtain JRL's share of the tree service and logging
business in and around Orleans and Niagara Counties.

**ALL** in violation of Section 1951 and Section 2 of Title 18 of
the United States Code.

47

**NINTH RACKETEERING ACT - MAIL FRAUD BASED ON
DAVID CAIN, JR.'S ARSON OF HIS STORAGE GARAGE
IN GASPORT, NEW YORK**

**AS AND FOR** the Ninth Racketeering Act, the allegations of
Count Three of this indictment are incorporated herein by reference
and re-alleged as if specifically set forth herein.

**TENTH RACKETEERING ACT - HOBBS ACT EXTORTION
AND ARSON OF CHUCK BRACEY AND BRACEY'S TREE SERVICE**

**AS AND FOR** the Tenth Racketeering Act, defendants DAVID CAIN,
JR. and JAMES SOHA, a/k/a/ "JAMIE," committed the following acts of
racketeering, any one of which alone constitutes the commission of
the Tenth Racketeering Act.

A. **Hobbs Act Extortion of Chuck Bracey and Bracey's Tree
   Service**

The allegations of Count Five of this indictment are
incorporated herein by reference and re-alleged as if specifically
set forth herein.

B.  **Violation of the New York Penal Law, Section 105.10**


Commencing sometime prior to, the exact date being unknown, and continuing until on or about February 26, 2002, in the Western District of New York, defendants DAVID CAIN, JR. and JAMES SOHA, a/k/a "JAMIE," committed an act involving arson, that is, they combined, conspired, confederated and agreed with Patrick Ackroyd, named herein as a co-conspirator but not charged to commit a violation of New York Penal Law, Section 150.10, by intentionally damaging a building (the place of business of Bracey's Tree Service) at 6161 McKee Street, Newfane, New York by starting a fire.


**IN FURTHERANCE OF SAID CONSPIRACY**, and in order to affect its purpose and object, the defendants and Patrick Ackroyd committed the following overt acts:


1.  On or shortly before February 26, 2002, DAVID CAIN , JR. and Patrick Ackroyd negotiated a fee for Ackroyd to participate in burning the building housing Bracey's Tree Service.

49

2. On or about February 26, 2002, Defendant JAMES SOHA, a/k/a "JAMIE," and Patrick Ackroyd drove to a gas station where they obtained gasoline to use to start the fire in the building housing Bracey's Tree Service.

3.  Later, on or about February 26, 2002, defendant JAMES SOHA, a/k/a "JAMIE," and Patrick Ackroyd used a sledge hammer to break into the building housing Bracey's Tree Service, and once inside, spread gasoline and lit the gasoline on fire thereby causing a fire which totally destroyed the building housing Bracey's Tree Service.

**ALL** in violation of Section 105.10 of the New York Penal Law.

C.  **Violation of Section 150.10 of the New York Penal Law**

**ON OR ABOUT** February 26, 2002, in the Western District of New York, defendants DAVID CAIN, JR. and JAMES SOHA, a/k/a "JAMIE," aided and abetted by Patrick Ackroyd, named herein as an aider and abettor but not charged, committed an act involving arson, that is, they intentionally damaged a building (the place of business of Bracey's Tree Service) at 6161 McKee Street, Newfane, New York by

50

starting a fire.

**ALL** in violation of Sections 150.10 and 20.00 of the New York

Penal Law.

### ELEVENTH RACKETEERING ACT - HOBBS ACT EXTORTION
### OF CHRIS McCOMBER AND CUTTING EDGE TREE SERVICE

**AS AND FOR** the Eleventh Racketeering Act, the allegations of

Count Seven of this indictment are incorporated herein by reference

and re-alleged as if specifically set forth herein.

### TWELFTH RACKETEERING ACT - HOBBS ACT EXTORTION
### OF DAN GOLLUS AND DAN'S TREE SERVICE

**AS AND FOR** the Twelfth Racketeering Act, the allegations of

Count Eight of this indictment are incorporated herein by reference

and re-alleged as if specifically set forth herein.

### THIRTEENTH RACKETEERING ACT — MAIL FRAUD BASED
### ON DAVID CAIN, JR.'S ASSAULT ON CHERYL WAGNER

**AS AND FOR** the Thirteenth Racketeering Act, the allegations of

Count Nine of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

### FOURTEENTH RACKETEERING ACT – FIRST TAMPERING WITH WITNESS TIM SMIDER BY DAVID CAIN, JR.

**AS AND FOR** the Fourteenth Racketeering Act, the allegations of Count Ten of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

### FIFTEENTH RACKETEERING ACT - CONSPIRACY TO POSSESS AND DISTRIBUTE MARIJUANA BY CHRIS CAIN AND OTHERS

**AS AND FOR** the Fifteenth Racketeering Act, the allegations of Count Eleven of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

### SIXTEENTH RACKETEERING ACT - ARSON OF GEORGIA KOROSECZ'S HOME

The defendant, CHRIS CAIN, committed the following acts of racketeering, either one of which alone constitutes the commission of the Sixteenth Racketeering Act.

A. **Violation of the New York Penal Law, Section 105.10**

**COMMENCING** sometime prior to September 27, 2003, the exact

date being unknown, and continuing until on or about September 27, 2003, in the Western District of New York, defendant CHRIS CAIN committed an act involving arson, that is, he combined, conspired, confederated and agreed with Paul Rutherford, Jr., named herein as a co-conspirator but not charged, and another whose identity is known, to commit a violation of New York Penal Law, Section 150.10, by intentionally damaging a building (a residence) at 2256 River Road, Wheatfield, New York by causing an explosion and starting a fire.

**IN FURTHERANCE OF SAID CONSPIRACY**, and in order to affect its purpose and object:

1. Defendant CHRIS CAIN received a $500 payment for arranging for the arson of the aforementioned residence;

2. Defendant CHRIS CAIN thereafter paid Paul Rutherford, Jr. approximately $150 in cash, and credited a debt Rutherford, Jr. owed to him in return for Rutherford, Jr. burning the aforesaid residence;

3. On or about September 27, 2003, Paul Rutherford, Jr. and another whose identity is known broke into the aforesaid residence, spread gasoline through the residence's interior, and then lit the

gasoline on fire thereby causing an explosion and fire which destroyed said residence.

**ALL** in violation of Section 105.10 of the New York Penal Law.

B. **Violation of Section 150.10 of the New York Penal Law**

**ON OR ABOUT** September 27, 2003, in the Western District of New York, defendant CHRIS CAIN, aided and abetted by Paul Rutherford, Jr., identified herein as an aider and abettor but not charged, and another whose identity is known, committed an act involving arson, that is, they intentionally damaged a building, to wit: a residence at 2256 River Road, Wheatfield, New York by causing an explosion and starting a fire.

**ALL** in violation of Sections 150.10 and 20.00 of the New York Penal Law.

**SEVENTEENTH RACKETEERING ACT — ARSON AND
MAIL FRAUD RELATING TO 1427 COUNTY LINE ROAD
YATES, NEW YORK**

**AS AND FOR** the Seventeenth Racketeering Act, defendants DAVID CAIN, JR. and CHRIS CAIN committed the following acts of racketeering, any one of which alone constitutes the commission of the Seventeenth Racketeering Act.

54

A.  **Violation of the New York Penal Law, Section 105.10**

Commencing sometime prior to August 19, 2003, the exact date being unknown, and continuing until on or about August 19, 2003, in the Western District of New York, defendants DAVID CAIN, JR. and CHRIS CAIN, committed an act involving arson, that is, they combined, conspired, confederated and agreed with Paul Rutherford, Jr., named herein as a co-conspirator but not charged to commit a violation of New York Penal Law, Section 150.10, by intentionally damaging a building (a residence) at 1427 County Line Road, Yates, New York by starting a fire.

**IN FURTHERANCE OF SAID CONSPIRACY**, and in order to affect its purpose and object, the defendants and Paul Rutherford, Jr. committed the following overt acts:

1.  On or about August 19, 2003, Defendant CHRIS CAIN asked Paul Rutherford, Jr. to burn the residence at 1427 County Line Road, Yates, New York.

2. On or about August 19, 2003, Defendant CHRIS CAIN gave Paul

Rutherford, Jr. candles and a key for 1427 County Line Road, Yates, New York, and then drove Rutherford, Jr. to that address.

3.  On or about August 19, 2003, Paul Rutherford, Jr. used the aforesaid key to enter 1427 County Line Road, Yates, New York, and then used the aforesaid candles to set the residence on fire.

**ALL** in violation of Section 105.10 of the New York Penal Law.

B.  **Violation of Section 150.10 of the New York Penal Law**

On or about and prior to August 19, 2003, in the Town of Yates, New York and elsewhere, in the Western District of New York, defendants DAVID CAIN, JR. and CHRIS CAIN, committed an act involving arson, that is, they solicited, requested, commanded, importuned and intentionally aided Paul Rutherford, Jr. to intentionally damage a building, to wit: a residence at 1427 County Line Road, Yates, New York, by starting a fire.

**ALL** in violation of Sections 150.10 and 20.00 of the New York Penal Law.

C.  **Mail Fraud in Violation of Section 1341 of Title 18**

The allegations of Count Twelve of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

## EIGHTEENTH RACKETEERING ACT –
## ROBBERY OF MARJORIE CARTER

**AS AND FOR** the Eighteenth Racketeering Act, defendant CHRIS CAIN committed the following acts of racketeering, either one of which alone constitutes the commission of the Eighteenth Racketeering Act.

A. **Violation of Section 160.10(2)(b) of the New York Penal Law**

On or about and prior to October 2, 2003, in and around Niagara and Orleans Counties, in the Western District of New York, defendant CHRIS CAIN committed an act involving robbery, that is, he solicited, requested, commanded, importuned and intentionally aided Paul Rutherford, Jr. and Nathan Stanley to forcibly steal property from Marjorie Carter, and in the course of the commission of said crime, Paul Rutherford, Jr. and Nathan Stanley displayed what appeared to be a shotgun, in violation of Sections 160.10 and 20.00 of the New York Penal Law.

57

**ALL** in violation of New York Penal Law, Section 160.10(2)(b).

B.    **Violation of Section 105.10 of the New York Penal Law**

**COMMENCING** on an unknown date prior to October 2, 2003, and continuing until on or about October 2, 2003, in and around Niagara and Orleans Countries, in the Western District of New York, defendant CHRIS CAIN committed an act involving robbery, that is, he combined, conspired, confederated and agreed together and with Paul Rutherford, Jr. and Nathan Stanley, identified herein as co-conspirators but not charged, and others, both known and unknown, to commit a violation of New York Penal Law, Section 160.10, by forcibly stealing property from Marjorie Carter, and in the course of the commission of said crime, displaying a shotgun.

In furtherance of said conspiracy and in order to affect its purpose and object, the defendant and others who were members of the conspiracy committed the following overt acts as a part of and in furtherance of the conspiracy:

1.    On or about September 15, 2003, defendant CHRIS CAIN had a discussion with Paul Rutherford, Jr. and pointed out the home of Thomas and Marjorie Carter at 4146 Shelby Basin Road, Yates, New

York to Rutherford, Jr.

2.   On or about September 15, 2003, while acting at the direction of the defendant CHRIS CAIN, Paul Rutherford, Jr. and Nathan Stanley broke into the Carter residence.

3.   On or about October 2, 2003, Paul Rutherford, Jr. and Nathan Stanley broke into the Carter Residence, tied Marjorie Carter up while holding her at gunpoint, ransacked the residence, and stole currency, coins, guns and other valuables.

4.   On or about October 2, 2003, Paul Rutherford, Jr. gave both Nathan Stanley and CHRIS CAIN approximately $5,000 in proceeds taken during the robbery of the Carter residence.

**ALL** in violation of New York Penal Law, Section 105.13.

## NINETEENTH RACKETEERING ACT - TAMPERING
## WITH WITNESS MECHELLE LAWLESS

**AS AND FOR** the Nineteenth Racketeering Act, the allegations of Count Fifteen of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

**TWENTIETH RACKETEERING ACT - ARSON
OF THE HANGAR HOUSING DAN GOLLUS' AIRPLANE**


**Violation of New York Penal Law, Section 150.10**


**ON OR ABOUT** July 9, 2004, in the Western District of New York, defendant DAVID CAIN, JR. committed an act involving arson, that is, he intentionally damaged a building, namely an airplane hangar at the airport located at 4855 Mackey Road, Royalton, New York by starting a fire.


**ALL** in violation of New York Penal Law, Section 150.10.


**TWENTY-FIRST RACKETEERING ACT - SECOND TAMPERING WITH
WITNESS TIM SMIDER BY DAVID CAIN, JR.**


**AS AND FOR** the Twenty-first Racketeering Act, defendant DAVID CAIN, JR. committed the following acts of racketeering, either one of which alone constitutes the commission of the Nineteenth Racketeering Act. The allegations of Count Nineteen of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein as Racketeering Act 21A. The

allegations of Count Twenty of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein as Racketeering Act 21B.

### TWENTY-SECOND RACKETEERING ACT – TAMPERING WITH WITNESS LARRY KROPP BY DAVID CAIN, JR.

**AS AND FOR** the Twenty-second Racketeering Act, the allegations of Count Twenty-one of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

### TWENTY-THIRD RACKETEERING ACT - TAMPERING WITH WITNESS CHERYL WAGNER BY DAVID CAIN, JR.

**AS AND FOR** the Twenty-third Racketeering Act, the allegations of Count Twenty-two of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

### TWENTY-FOURTH RACKETEERING ACT – TAMPERING WITH WITNESS NATHAN STANLEY BY DAVID CAIN, JR.

**AS AND FOR** the Twenty-fourth Racketeering Act, the allegations of Count Twenty-three of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

### TWENTY-FIFTH RACKETEERING ACT – TAMPERING WITH WITNESS LARRY KROPP BY CHRIS CAIN

**AS AND FOR** the Twenty-fifth Racketeering Act, the allegations of Count Twenty-four of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein.

**TWENTY-SIXTH RACKETEERING ACT – TAMPERING WITH
WITNESS SEAN COOPER BY DAVID CAIN, JR.**

**AS AND FOR** the Twenty-sixth Racketeering Act, defendant DAVID CAIN, JR, committed the following acts of racketeering, either one of which alone constitutes the commission of the Twenty-sixth Racketeering Act. The allegations of Count Twenty-five of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein as Racketeering Act 26A. The allegations of Count Twenty-six of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein as Racketeering Act 26B.

**TWENTY-SEVENTH RACKETEERING ACT –
DIRECTION BY DAVID CAIN, JR. TO JOSEPH HEITZENRATER
TO CONCEAL EVIDENCE**

**AS AND FOR** the Twenty-seventh Racketeering Act, defendant DAVID CAIN, JR, committed the following acts of racketeering, either one of which alone constitutes the commission of the Twenty-seventh Racketeering Act. The allegations of Count Twenty-seven of this indictment are incorporated herein by reference and re-alleged

62

as if specifically set forth herein as Racketeering Act 27A.  The allegations of Count Twenty-eight of this indictment are incorporated herein by reference and re-alleged as if specifically set forth herein as Racketeering Act 27B.

**ALL** of the foregoing being in violation of Section 1962(c) of Title 18 of the United States Code.

## COUNT THIRTY

### THE GRAND JURY FURTHER CHARGES:

A-C.  **THAT** Paragraphs A through C, inclusive, of the Introduction to Counts Twenty-nine and Thirty are incorporated herein by reference and re-alleged as if more fully set forth herein.

D.  From sometime in 1993 or 1994, and continuing thereafter to the date of the filing of this Indictment, the exact dates being unknown, in the Western District of New York and elsewhere, defendants DAVID CAIN, JR. CHRIS CAIN, and JAMES SOHA, a/k/a "JAMIE," together with Patrick Ackroyd, and others, both known and unknown to the Grand Jury, being persons employed by and associated with the enterprise, did unlawfully and knowingly, combine, conspire, confederate and agree together, with each other, and with

63

others, to violate Section 1962(c) of Title 18 of the United States Code; namely, to unlawfully conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise which was engaged in and the activities of which, affected interstate commerce through a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1) and (5).

E.  It was part of the conspiracy that during the aforesaid period, each defendant, DAVID CAIN, JR., CHRIS CAIN, and JAMES SOHA, a/k/a "JAMIE," agreed that a conspirator would commit at least two of the acts of racketeering in the conduct of the affairs of the enterprise set forth in RACKETEERING ACTS ONE THROUGH TWENTY-SEVEN inclusive, of Count Twenty-nine of this Indictment, and which factual allegations are incorporated herein by reference and realleged.

**ALL** of the foregoing being in violation of Section 1962(d) and 1963 of Title 18 of the United States Code.

## COUNT THIRTY-ONE

### THE GRAND JURY FURTHER CHARGES:

**THAT**, on or about September 27 or 28, 2003, in the Western District of New York, defendant CHRIS CAIN unlawfully and knowingly

64

used fire and aided, abetted, commanded and counseled others to use fire to commit a felony that may be prosecuted in a court of the United States; namely the felony charged in Count Thirty of this indictment, and in particular the Sixteenth Racketeering Act.

**ALL** in violation of Section 844(h) and Section 2 of Title 18 of the United States Code.

DATED:  Buffalo, New York, October 3, 2007.

TERRANCE P. FLYNN
United States Attorney

By:  **S/ANTHONY M. BRUCE**
ANTHONY M. BRUCE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
(716) 843-5700, ext. 886
Anthony.M.Bruce@usdoj.gov

**A TRUE BILL:**

**S/FOREPERSON**
FOREPERSON