UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
05-CR-360-A

DAVID CAIN, JR.,

         Defendant.

---

The petitioner, David Cain, appearing *pro se*, moves pursuant to Fed. R. Civ. P. 52(b) and 59(e) to alter or amend the Court's previous denial of his Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. Petitioner has also filed a motion for an evidentiary hearing, and to have the entire matter assigned to another District Court Judge. For the reasons that follow, the Petitioner's motions are denied.

## BACKGROUND

Petitioner Cain was found guilty of racketeering and various related offenses after a jury trial ending on December 7, 2007. The Court sentenced Petitioner to a term of 660 months imprisonment on July 12, 2009. The United States Court of Appeals for the Second Circuit affirmed the convictions and sentence. *U.S. v. Cain*, 671 F.3d 271 (2d Cir. 2012).

Petitioner Cain then petitioned to vacate, set aside or to correct his sentence pursuant to 28 U.S.C. § 2255 primarily upon grounds his trial counsel

-1-

labored under conflicts of interests rendering them ineffective, and that his appellate counsel was ineffective for failing to make certain arguments on direct appeal to the Court of Appeals. The petition was denied by the Court on October 15, 2015.

Petitioner Cain now seeks relief from denial of his § 2255 petition on grounds that the Court erred in its analyses of his claims to have suffered ineffective assistance of trial and appellate counsel, and the grounds that the Court failed to make factual findings and state conclusions of law sufficient to support the Court's conclusions in the Decision and Order denying relief.

**DISCUSSION**

**I. Applicable Standards.**

1. Rule 52(b)

Rule 52(b) of the Federal Rules of Civil Procedure provides that, upon motion from a party, "the court may amend its findings–or make additional findings–and may amend the judgment accordingly." *Id.* at § 52(b). The rule "provides a method to dispute underlying facts that resulted in faulty factual findings or conclusions of law based on those facts," *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 CIV. 8060, 2016 WL 1732751, at *2 (S.D.N.Y. Apr. 29, 2016), the purpose of which "is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence." *U.S. v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993). However, a Rule 52(b) motion is an

inappropriate way to advance new legal theories, relitigate old issues, or rehear judgments on the merits. *Id.* "Thus, to succeed under Rule 52(b), the defendants must show that the Court's findings of fact or conclusions of law are not supported by the evidence in the record." *Id.*

2. Rule 59(e)

Reconsideration of a judgment or an order disposing of a § 2255 petition is set forth in Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. *See Beras v. U.S.*, No. 05 CIV. 2678, 2013 WL 2420748, at *1 (S.D.N.Y. June 4, 2013) (Although "entry of judgment under Rule 58 of the Federal Rules of Civil Procedure is not required after an order disposing of a petition under Section 2255, because habeas proceedings represent a further step in the criminal case, not an independent civil case requiring an independent final judgment),] . . . a motion under Rule 59(e) to amend or correct an order disposing of a Section 2255 may still be brought, although such an order is not a [judgment].") (citations omitted).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked --- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories,

securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## II. Application of Rules 52(b) and 59(e).

Petitioner Cain's current motion for relief (Dkt. No. 483) is based upon two grounds: first, that the Court erred in its analysis of his previous claims of ineffective assistance of counsel; and second, that the Court did not set forth findings of facts and conclusions of law pursuant to Fed. R. Civ. P. 52(a) in its previous Decision and Order (Dkt. No. 481).

The Court has reviewed Petitioner Cain's motion for reconsideration and finds no controlling decision of law or factual matter previously overlooked. Instead, the Petitioner's motion, along with the supporting exhibits (which include various excerpts of the transcripts of proceedings in this case), repeats the same ineffective assistance of counsel arguments previously raised in his petition pursuant to § 2255. Insofar as the Petitioner believes that the Court "overlooked all of the complaints that the Petitioner made about [his counsel], including a complaint that [counsel] did not call Petitioner as a witness," he is incorrect. As noted in the Court's Decision and Order dated October 15, 2015, the Court considered each of the Petitioner's submissions and supporting documents in connection with his ineffective assistance of counsel claim, but found none of the arguments had merit. (Dkt. No. 481, pp. 10-11). Petitioner relies upon a transcript of his sentencing proceeding, during which he spoke at length, for

example. However, all that is revealed his Petitioner's dissatisfaction with the outcome of his trial. To illustrate, Petitioner stated at sentencing:

> I wanted to testify, and if these lawyers would have called me as a witness, like I asked them to, it would have changed the whole theory of what happened here and changed everything all around.
>
> [Referring to a prosecution witness], he was the one that [sic] antagonizing me. He's the one came to my house with a gun and tried to shoot me. That wasn't brought up.
>
> I'm not trying to argue or nothing like that, Your Honor. I know there was a lot of stuff that went on this case that they made this into a federal case. It should have never been a federal case.

Petitioner proceeded to characterize other prosecution witnesses as "pieces of garbage," and "nutcases," (as well as by expletives). He complained the prosecuting attorney was "not fair" to him. He stated that if he had the attorney of his choice, he would have "put on a defense and I would have got up on the stand and I would have testified. [Together, they]'d have turned this whole case around." Sentencing Tr. 1/12/2009 at 59-62.[1]

The Court has considered that it was only after conviction that Petitioner Cain first raised the issue of wanting to testify. Nor was his desire to testify mentioned in his appointed attorneys' Motion to Withdraw (Dkt. No. 247), which cited multiple trial strategy differences, but did not include Petitioner seeking to testify on his own behalf. An affidavit by one of the Petitioner's attorneys,

---

[1] Petitioner's original retained attorney was disqualified by a Magistrate Judge based upon a conflict of interest. (Dkt. No. 38).

submitted in connection with the Petitioner's § 2255 motion, indicated that the option to testify was discussed, counsel advised Petitioner against it, and Petitioner opted not to testify. (Dkt. No. 452-1, ¶ 10(b)). There is nothing in the record of proceedings, and no independent evidence before this Court, that suggests otherwise to corroborate the Petitioner's belated claims. Moreover, because the Petitioner does not elaborate on what his potential trial testimony might have been, except inadmissible lay opinion testimony on the credibility of the testimony of other witnesses.

A court may dismiss a § 2255 motion without a hearing if the motion and the record "conclusively show[,]" *id.*, that the movant is not entitled to relief. *See, e.g., Chang v. U.S.*, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court was not required to hold full testimonial hearing before deciding federal prisoner's motion to vacate, set aside or correct sentence based on claim of ineffective assistance of counsel alleging that counsel prevented him from exercising his right to testify on his own behalf, where prisoner made only general allegation, and record was supplemented by detailed affidavit from trial counsel credibly describing circumstances concerning prisoner's failure to testify). That is what the Court did previously in this case, and Petitioner has only submitted his own affidavit disputing his attorneys' averments. His "self-serving and uncorroborated" account does not require that this Court hold a hearing at which potential relevant witnesses would be called to testify. *See Rosario-Dominguez v. U.S.*, 353 F.Supp.2d 500, 518 (S.D.N.Y. 2005). Although the Petitioner insists that a

hearing is required based on the contents of the affidavits previously submitted by the prosecuting attorney for the Government and the Petitioner's former attorneys (Dkt. No. 452, Exhs. 1-3), there is no issue of fact raised by those affidavits as to the purported conflict or the scope of counsel's effectiveness. *See Taylor v. U.S.*, 487 F.2d 307, 308 (2d Cir. 1973) (remanding for an evidentiary hearing in view of the "sharply conflicting affidavits" filed by the Government and a cooperating witness who asserted that the prosecutor had promised that she would not go to jail if she cooperated against the defendant); *cf. U.S. v. Aiello*, 814 F.2d 109, 114 (2d Cir. 1987) ("The affidavits submitted here disclosed genuine issues of material fact that should have been explored further."). Here, the affidavits are consistent.

Petitioner Cain also attempts to identify several "plausible alternative defense strategies" that might have been pursued but were not. Dkt. No. 483 at 12-15. As he did in his § 2255 motion and on appeal, the Petitioner complains that his attorneys failed to: (1) hire an arson investigation expert; (2) explore a possible plea bargain; (3) adequately impeach witnesses; and (4) allow the Petitioner to testify. Dkt. No. 483 at 6-15.[2] The Petitioner's motion merely repeats his previous arguments. A motion for reconsideration is not an additional opportunity to reargue claims previously denied. *See Campbell v. Poole*, No. 04-CV-6261, 2008 WL 2561998, at *3 (W.D.N.Y. June 26, 2008) (denying

---

[2] In any event, such "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *DeLuca v. Lord*, 77 F.3d 578, 588 (2d Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. 668 at 690 (1984)).

petitioner's motion for reconsideration because "[t]he reasons given by petitioner for reconsideration merely repeat those set forth in his previous pleadings, and it is clear that the instant motion 'merely rehashes arguments previously raised,' considered, and rejected by this Court in its decision and order denying petitioner's habeas petition") (quoting *Johnson v. Bartlett*, No. 96 CIV. 6941, 1999 WL 2872 at *1 (S.D.N.Y. Jan. 4, 1999)); *Copley v. Keohane*. Nos. 97–MC–106, 88–CR–149, 97–3273CV, 1997 WL 568011, at *1 (N.D.N.Y. Sep.11, 1997) (denying motion for reconsideration because petitioner "offers no legal or factual basis for reconsideration, apart from his original argument which the court rejected"). Indeed, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved." *Lang v. U.S.*, No. 02 CR 1444, (S.D.N.Y. May 25, 2010) (quotations omitted); *see also Matura v. U.S.*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999) ("[a] motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources."). The Petitioner is not entitled to relitigate his claims in this forum and his Motion for Reconsideration is denied.[3]

---

[3] Petitioner Cain's insistence that the Supreme Court decision in *Sekhar v. United States*, 133 S. Ct. 2720 (2013), compels a finding of "actual innocence" for purposes of his collateral review motion is misplaced, and the argument was discussed in this Court's previous Decision and Order. Dkt. No. 481. In *Sekhar*, the Supreme Court held that attempting to compel a person to recommend that his employer approve an investment does not constitute the "obtaining of

Petitioner Cain also claims that this Court was required by Rule 52(b) to make findings of fact and conclusions of law in deciding his § 2255 motion. "Rule 52(b) provides a means to dispute underlying facts that resulted in faulty factual findings or conclusions of law based on those facts." *Panton v. U.S.*, No. 89 CR. 346, 2010 WL 5422293, at *2 (S.D.N.Y. Dec. 23, 2010). "Where a petitioner fails to dispute facts in the record, a motion under 52(b) is inappropriate." *Id.* (citing *Muyet v. U.S.*, No. 01 Civ. 9371, 2005 WL 1337369, at *2 (S.D.N.Y. June 6, 2005) (petitioner must point to facts in record which undermine factual findings or legal conclusions).

Here, Petitioner Cain asserts that no findings of fact were set forth at all. However, his allegations place him outside of the statutory language of Rule 52(b), which provides for the amendment of findings; instead, Cain's claim is actually premised on the language of 52(a)(1), which provides that, "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." *Id.* By its own terms, Rule 52(a) does not require a court to state "findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, *on any*

---

property from another" under the Hobbs Act. To qualify as property under the Hobbs Act, the property must be "valuable" and "transferable," *Sekhar*, 133 S.Ct. at 2726 n. 5, but can be either tangible or intangible, *see, e.g., id.* at n. 2 (noting that obtaining good will by threatening a market competitor may be Hobbs Act extortion (citing *United States v. Zemek*, 634 F.2d 1159, 1173 (9th Cir.1980))). Here, Cain was charged with, *inter alia*, damaging and destroying the victims' property in order to prevent them from conducting competitive businesses in the area. Such business is transferrable property—"that is capable of passing from one person to another." 133 S.Ct. at 2725. In short, even if the Petitioner's conviction was not yet final at the time *Sekhar* was decided, the decision is inapplicable.

*other motion.*" Fed. R. Civ. P. 52(a)(3) (emphasis added). Under the terms of the statute, applications under 2255 are "motions," *see* 22 U.S.C. § 2255, so any claim under 52(a)(1) is precluded by the statutory language. *See U.S. v. DeLeon*, No. CA C-09-275, 2011 WL 4915848, at *6 (S.D. Tex. Oct. 14, 2011) (denying § 2255 petitioner's request for findings of fact and conclusions of law because "Rule 52 . . . does not apply to motions."). The Petitioner's request for relief under Rule 52 is therefore without merit and is denied.

### III. Miscellaneous Motions.

Petitioner Cain also asks that the Court "produce him to testify during an evidentiary hearing and/or to argue the merits of his § 2255 motion." (Dkt. No. 525). The substance of what the Petitoner characterizes as a motion for a writ of *habeas corpus ad testificandum,* brought pursuant to 28 U.S.C. § 1651(a),[4] simply repeats his previous arguments relating to his request for an evidentiary hearing (Dkt. No. 460), and his conflict-of-interest claims from the original § 2255 motion (Dkt. No. 447). It also repeats much of the submissions in support of the pending Rule 59(e) Motion for Reconsideration (Dkt. No. 483). *Compare* Dkt. No. 525 at 3-15 *with* Docket No. 483 at 3-11. For the reasons discussed in this Court's previous Decision and Order (Dkt. No. 481) denying Cain's request for an evidentiary hearing, the motion is denied.

Petitioner Cain also requests that the Court re-assign the matter to another District Judge on the basis of a conflict of interest. (Dkt. No. 518). 28 U.S.C. §

---

[4] *See also* 28 U.S.C. § 2241(c)(5).

144 "requires recusal if a judge harbors a 'personal bias or prejudice' against a party," or "when a judge's 'impartiality might reasonably be questioned.'" *Lyman v. City of Albany*, 597 F. Supp. 2d 301, 307 (N.D.N.Y. 2009) (quoting 28 U.S.C. §§ 144, 455(a)); *see also* 28 U.S.C. § 455(b)(1) (a judge shall disqualify himself or herself where "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .")

"To be disqualifying under § 455, '[t]he alleged bias and prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.'" *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013), *as amended* (Nov. 26, 2013) (quoting *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 927 (2d Cir. 1980)). "Knowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447–48 (2d Cir. 2005). Similarly, the judge's ruling on a prior case, even if "adverse to a defendant," is not a ground for recusal. *Petrucelli v. U.S.*, Nos. 14 Civ. 9310, 02 CR 99, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015). Bias or impartiality may be shown, however, if the judge "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013), *as amended* (Nov. 26, 2013) (citing *Liteky v. U.S.*, 510 U.S. 540 (1994).

A party seeking recusal may file a motion supported by an affidavit presenting "the facts and the reasons for the belief that bias or prejudice exists." *U.S. v. Trudeau*, 10–CR–234, 2016 WL 591754, at *3 (D. Conn. Feb. 11, 2016) (quoting 28 U.S.C. § 144). In his affidavit, Petitioner Cain avers that the Court should recuse itself based on its "close personal and professional ties to the prosecuting attorney, AUSA Joseph J. Karaszewski . . . regarding his representation of this Court in the Second Circuit in the Mandamus action." (Dkt. No. 518 at 2-3). He further alleges that "*ex parte* communications between the Court and its attorney . . . requires this Court to recuse or disqualify itself." *Id.* at 3. Finally, the Petitioner suggests that the Court has become so embroiled in the litigation before it that it has become a party to suit due to its alleged relationship with the U.S. Attorney's Office. *Id.* at 4.

Petitioner Cain is simply incorrect. The Assistant U.S. Attorney represents the Government. (Dkt. No. 518, Exh. A). The Petitioner's affidavit in support of his motion is replete with conclusory assertions and conspiratorial allegations. *Id.*, Exh. B. He appears to believe that the Court contacted the U.S. Attorney's Office requesting representation in the mandamus action and that the Court "sent correspondence back and forth between themselves concerning the Petitioner's § 2255 motion." *Id.*, Exh. B. This assertion is inadequate to support the recusal motion, as "[m]ere conclusions, opinions, rumors or vague gossip are insufficient." *Hodgson v. Liquor Salesmen's Union Local No.* 2, 444 F.2d 1344, 1348 (2d Cir. 1971) (citing *Berger v. U.S.*, 255 U.S. 22, 34, 41 (1921); *Simmons*

*v. U.S.*, 302 F.2d 71, 75 (3rd Cir. 1962)). To be sufficient, the affidavit in support of the motion for recusal "must set forth facts, including the time, place, persons and circumstances, and, where based upon an extra-judicial statement of the judge, the substance of that statement." *Id.* (citing Berger, 255 U.S. 22 at 34; *Wapnick v. U.S.*, 311 F.Supp. 183, 184–185 (E.D.N.Y.1969)). The Petitioner's allegations concerning the U.S. Attorney's supposed representation of the Court before the Second Circuit are, at the very least, "too conclusory and speculative to provide a basis for recusal." *Herskowitz v. Charney*, 1994 WL 455172, *4 (S.D.N.Y. Aug.18, 1994).

Contrary to Petitioner Cain's assertion, the Court here has no personal interest in either party that would require recusal. Additionally, the Court harbors no personal bias, and "[t]he mere motion for recusal based upon an allegation of personal prejudice does not require a judge to step down." *Martuzas v. Reynolds*, 983 F. Supp. 87, 91 (N.D.N.Y. 1997). The Petitioner is dissatisfied with the outcome of his trial and subsequent proceedings, but a party's dissatisfaction with his legal circumstances or unhappiness with a court's legal rulings or other case-management decisions does not constitute a valid basis for recusal. *Watkins v. Smith*, No. 13–cv–1123, 2014 WL 1282290, at *1 (2d Cir. 2014). Accordingly, the Petitioner's motion for recusal (Dkt. No. 518) is denied.

Finally, the Court denies as moot the Government's cross-motion to consolidate the portion of Cain's motion under 28 U.S.C. § 2255 to vacate the sentence that is identical to his co-defendant, Jamie Soha's pending motion

under 28 U.S.C. § 2255 (Dkt. No. 454), because the Cain § 2255 motion has already been decided. (Docket No. 481).

## CONCLUSION

For all of the foregoing reasons, the Court:

(1) denies the United States' Motion to Consolidate (Dkt. No. 454);

(2) denies Petitioner Cain's Motion for Reconsideration (Dkt. No. 483);

(3) denies Petitioner Cain's Motion for Recusal (Dkt. No. 518); and

(4) denies Petitioner Cain's Motion for an Evidentiary Hearing (Dkt. No. 525).

Further, the Court declines to issue a certificate of appealability because Petitioner Cain has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

                                                  *s/Richard J. Arcara*
                                               HONORABLE RICHARD J. ARCARA
                                               UNITED STATES DISTRICT JUDGE

DATED: April 25, 2017