UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DAVID CAIN, JR.,

                      Defendant.

**DECISION AND ORDER**
05-CR-360-A

---

Pending before this Court is Defendant David Cain Jr.'s *pro se* motion, *see*, Dkt. #575, requesting that this Court convert, two post-verdict motions filed by Defendant's trial counsel over a decade-and-a-half ago, on December 19, 2007, *see* Dkt. #247 and #248, into a motion for a new trial based upon the ineffective assistance of such counsel.[1] Specifically, Defendant argues that he is entitled to a new trial because one of his trial attorneys, Joel Daniels, Esq., labored under an actual conflict of interest stemming from Daniels' prior representation of attorney, George V.C. Muscato, Esq. ("Muscato"), who previously represented Defendant in a related case. *See*, Dkt. #575. For the reasons which follow, Defendant's motion is **DENIED**.

## BACKGROUND

Petitioner Cain was found guilty of racketeering and various related offenses after a jury trial ending on December 7, 2007. Following the jury's

---

[1] Although filed as two separate motions, the motions to withdraw are, in every respect, identical.

verdict but prior to sentencing, the two attorneys who represented Defendant at trial, Daniel J. Henry, Jr., Esq. and Joel L. Daniels, Esq., filed motions seeking to withdraw as counsel.  See Dkt. #247 and #248. In seeking to withdraw, Defendant's attorneys indicated that it was Defendant's belief that attorney Daniels should have been prevented from serving as his attorney at trial since, according to Defendant, Daniels labored under an actual conflict of interest stemming from Daniels' prior representation of  attorney, George V.C. Muscato, Esq. ("Muscato"), in an unrelated case.  Dkt. # 247, p. 4.  The motion further cited disagreements between Defendant and his trial counsel over trial strategy. Dkt. # 247, pp. 4-5.

Following oral argument on the Defendant's motion to withdraw, this Court on January 8, 2008, issued a text order denying such motion and setting a sentencing date.  In its minute entry, this Court stated as follows:

> The Court has reviewed the papers and denies the motion with respect to the trial strategy differences aspect of the motion; as to the potential claim of the ineffectiveness aspect of the motion, the Court denies the motion without prejudice for the Deft; the ineffectiveness of counsel aspect is more appropriate for a Section 2255 motion after sentencing. Minute Entry dated 1/7/2008, Case #05-CR-360-A.

Thereafter,  on July 12, 2009, the Court sentenced Defendant principally to a term of 660 months imprisonment.  Upon appeal by Defendant, the United States Court of Appeals for the Second Circuit affirmed his convictions and sentence.  U.S. v. Cain, 671 F.3d 271 (2d Cir. 2012).

Following his unsuccessful appeal, Cain, on December 18, 2013, filed a petition to vacate, set aside or to correct his sentence pursuant to 28 U.S.C. § 2255.  In his § 2255, Cain argued—as he previously claimed in the post-verdict motion to withdraw—that attorney Daniels, one of two attorneys who represented him at trial, labored under a conflict of interest which rendered his assistance ineffective. Dkt. #447.  Defendant further argued that his appellate counsel was ineffective for failing to make certain arguments on direct appeal to the Court of Appeals. *Id*.  In a 24-page written Decision and Order, entered October 15, 2015, this Court fully considered Defendant's arguments and denied his petition.  Dkt. #481.

Thereafter, Defendant sought reconsideration of this Court's denial of his § 2255 petition on grounds that this Court erred in its analyses of his claims to have suffered ineffective assistance such that reconsideration was warranted, and the grounds that the Court failed to make factual findings and state conclusions of law sufficient to support the Court's conclusions in the Decision and Order denying him relief. Dkt. #483.  Defendant also filed a motion seeking recusal of the Court, *see*, Dkt. #518, as well as  motion for an evidentiary hearing. *See*, Dkt. #525.  On April 25, 2017, this Court issued a Decision and Order denying all the relief requested by Defendant. Dkt. #530.

Subsequently, on two different occasions, the Second Circuit has refused to grant Defendant a certificate of appealability as to this Court's denial of his §2255

motion and his motion to reconsider. In a mandate entered on February 21, 2018, the Second Circuit dismissed Cain's appeal of this Court's order denying his §2255 motion (Dkt. #481) and this Court's order denying his request for reconsideration (Dkt. #530). *See*, Second Circuit Mandate, Dkt. #548.  In its mandate, the Second Circuit denied Cain's motions and dismissed his appeal on the ground that Cain had not made "a substantial showing of the denial of a constitutional right." *See*, 2/21/18, Second Circuit Mandate, Dkt. #548.  Thereafter, on November 6, 2018, the Second Circuit entered a mandate which denied Cain's request for a certificate of appealability and, once again, dismissed his appeal.  In so doing, the Court of Appeals determined that Cain "failed to show that "`(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the [Rule] 60(b) motion, states a valid claim of the denial of a constitutional right.' *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam)."  11/6/18, Second Circuit Mandate, Dkt. #555.

Nearly six years later, Defendant brings the instant motion seeking to convert the prior motion to withdraw into a motion for a new trial.  Dkt. #575. As best this Court can discern, it appears that Defendant's rationale in filing the instant motion and asking this Court to convert his prior attorneys' post-verdict motion to withdraw as counsel into a Rule 33 motion for a new trial, is his belief that in the event that the Court were to do so, the Court would then be obliged to revisit his ineffective assistance/conflict of interest motion. *See*, Dkt. # 575, 583. It appears that

4

Defendant's motion is predicated upon his belief that the Second Circuit decision in *United States v. Brown*, 623 F.3d 104, 114 (2d Cir. 2010), compelled this Court to consider the merits of his ineffective assistance claim prior to sentencing. For the reasons set forth below, not only is Defendant's interpretation of the holding in *Brown* incorrect, but this Court's consideration of his motion is foreclosed under the so-called Mandate Rule.

## **DISCUSSION**

In *United States v. Brown*, the Second Circuit held, as a matter of first impression, that a district court is not required to defer consideration of a post-conviction, pre-sentencing claim of ineffective assistance to a post-judgment habeas petition pursuant to 28 U.S.C. § 2255. *Brown*, 623 F.3d at 113–14. The *Brown* Court determined that, under the facts presented in that case, the district court abused its discretion in failing to hold such a hearing and noted that "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." *Id.* at 112–13. As the Second Circuit itself has observed, however, "[i]t is clear, however, that *Brown* does not require as a categorical matter that district courts grant a full-blown testimonial hearing in response to all such claims." *United States v. Fleurimont*, 401 F. App'x 580, 582 (2d Cir. 2010)(quotations and citations omitted); *see also*, *Massaro v. United States*, 538 U.S. 500, 504, 508 (2003)(while noting that "a § 2255 motion is preferable to direct appeal for deciding an ineffective assistance claim…[w]e do not hold that ineffective-assistance claims

must be reserved for collateral review. There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal."); *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006) ("As the Supreme Court has noted, collateral review typically provides a far better opportunity for an evaluation of an ineffective-assistance claim than direct review, because a factual record focused on the defendant's claim can be developed in the district court, including by taking testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance." (alterations and internal quotation marks omitted)).

Here, unlike *Brown*, where the claim was that defense counsel failed to convey to the defendant a plea offer made by the government, *Brown*, 623 F.3d at 111, the circumstances surrounding Defendant's claim of ineffective assistance of counsel were much more involved and justified this Court's exercise of its discretion not to defer determination of the issue until after the entry of judgment. In *Brown*, the Court expressly noted that "district courts face competing considerations in deciding whether it is appropriate to inquire into the merits of such claims prior to judgment, including principally the potential disruption of the proceedings, especially if the attorney against whom the complaint is directed continues at the time to represent the defendant." *Id*. at 113. Furthermore, it explained that the decision "to interrupt the pre-judgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, whether the court would need to

relieve the defendant's attorney, or in any event, to appoint new counsel in order to properly adjudicate the merits of the claim." *Id*.

Here, any consideration of Defendant's ineffective assistance claim would require relieving Defendant's attorney and prolonged the sentencing process. As the motion to withdraw made clear, attorney Daniels plainly disagreed with Defendant's contention that Daniel's prior representation of Attorney Muscato created a conflict of interest viz-a-vis Daniels' representation of Defendant. *See*, Dkt. #247, ¶9. Thus, this case is more akin to the situation in *Fleurimont*, where the Court upheld the district court's refusal to hold a hearing regarding defendant Delva's post-conviction, pre-sentencing claim that he had received ineffective assistance of counsel, than it is to the situation in *Brown*. As the Second Circuit noted in *Fleurimont*, "whereas the trial counsel in *Brown* 'equivocated' as to the allegations of ineffectiveness when questioned by the court, Delva's counsel expressly denied any ineffectiveness, confirmed that he had informed Delva of his right to testify, and articulated clear, sensible, strategic reasons for his decision to advise Delva against testifying. In *Brown*, we emphasized the multiple factors—the 'special circumstances' of that case—that 'indicate[d] the facial plausibility of [the defendant's] ineffective assistance claim and militate[d] against the district court's decision to postpone addressing [that] claim.' *Id*. Here, by contrast, Delva's claim of ineffective assistance was implausible on its face and comprised solely conclusory allegations contradicted by the court's [own awareness of the proceedings]." *United States v. Fleurimont*, 401 F. App'x at 582.

7

This Court, having observed Cain's trial, and the performance of his counsel at that trial, recognized—much like the district court did in *Fleurimont*—that Cain's claims of ineffective assistance were implausible. Consequently, this Court did not err refusing to consider such claims prior to the entry of judgment.

Moreover, and even if this Court should have considered his claim of ineffective assistance prior to trial, Defendant's motion is nevertheless fatally flawed. That fatal defect in Defendant's contentions lies in the fact that this Court has twice issued written Decisions and Orders which have considered and rejected, on its merits, precisely the claim that he seeks to resurrect here—i.e., that attorney Daniels provided him with ineffective assistance of counsel based upon his claim of a conflict of interest. *See*, Dkt. # 481, 530. Indeed, in deciding Defendant's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. §2255, and his motion to reconsider this Court has already twice rejected, on the merits, Defendant's contentions. *Id*. Moreover, the Second Circuit twice dismissed Defendant's efforts to appeal this Court's denial of his §2255 motion and refused to grant Defendant a certificate of appealability. *See*, Second Circuit Mandates, Dkt. #548 and Dkt. #555.

Under the so-called Mandate Rule—a branch of the law-of-the-case doctrine—"where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *United States v. Minicone*, 994 F.2d 86, 89 (2d Cir. 1993); *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly

8

or impliedly decided by the appellate court." (citation and internal quotation marks omitted)).

> In other words, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals. Of course, there is a corollary to this rule-if an issue was not part of the appellate decision, a trial court may consider the matter. Put differently, when an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue. To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate.

*Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006)(citation, quotations, and alterations omitted). Thus, in the traditional case, "a Section 2255 petitioner may not relitigate questions which were raised and considered on direct appeal, including questions as to the adequacy of counsel." *Yick Man Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010)(citations and quotations omitted). Accordingly, where a defendant raises a claim of ineffective assistance of counsel on direct appeal and such claim is rejected by the appellate court, defendant will be precluded from raising the same ineffective assistance claim in a subsequent proceeding under §2255.

Here, Defendant seems to be arguing that because his claim on ineffective assistance was not considered on direct appeal, he should be entitled to resurrect it notwithstanding the fact that such claim was considered—and rejected—in his prior §2255 motion. This Court disagrees and rejects Defendant's effort to escape the law-of -the-case doctrine here. The Second Circuit's denial of Defendant's motion

9

for a certificate of appealability is tantamount to a determination that the Court's prior rulings, denying the merits of an identical claim of ineffective assistance of counsel put forth in his §2255 motion, were valid. As a result of this implicit determination, *see, Cole v. United States*, No. 98 CV 7670 (SJ), 2006 WL 3257254, at *3 (E.D.N.Y. Sept. 25, 2006), this Court is now precluded from reconsidering this ruling. *See United States v. Stanley*, 54 F.3d 103, 107 (2d Cir.1995) ("The [mandate] rule bars [a] district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals."); *Hales v. Zon*, No. 02–CV–6136(VEB), 2007 WL 3232487, at *2 (W.D.N.Y. Oct.31, 2007) ("Hale's jurisdictional challenge [in his Rule 60(b) motion] has been mooted since the Second Circuit has dismissed Hales' notice of appeal and his motion for reconsideration of their denial of a certificate of appealability."). Thus, Defendant's motion is **DENIED**.

    **SO ORDERED.**

                                          *s/Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE

DATED: November 5, 2024