UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                            **DECISION AND ORDER**
                                                 05-CR-360-A

DAVID CAIN, JR.,

                    Defendant.

_____

On September 8, 2025, Defendant David Cain, Jr. filed a *pro se*

motion entitled, "Renewed Motion for a New Trial under Rule 33(b)(2)."

ECF #589.  The basis for his motion is his claim that he was denied

effective assistance of counsel.  The Government responded to such

motion, *see*, ECF #594, and Defendant replied. ECF #595.  Since

Defendant's motion is untimely, procedurally barred, and without merit, it is

**DENIED**.

## BACKGROUND

Defendant was found guilty, by a jury verdict returned on December

7, 2007, of racketeering and various related offenses.  At trial,  Defendant

was represented by attorneys Daniel Henry, Esq., and Joel Daniels, Esq.,

both of whom this Court assigned to represent Defendant after Defendant's

1

retained attorney, Angelo Musitano, Esq., was, in July of 2006, disqualified by the Hon. H. Kenneth Schroeder, the Magistrate Judge assigned to the case, from representing Defendant based upon a conflict of interest.  ECF #38.

On December 19, 2007, less than two weeks after the verdict, attorneys Henry and Daniels both sought to withdraw as Defendant's attorney.  ECF #247 and #248.  In their motions, counsel cited "certain irreparable differences" that had developed between them and Defendant "during the trial and subsequent to the verdict," which "impair[ed] [their] ability to represent him effectively."  ECF #247, p. 3; ECF #248, p. 3. Specifically, defense counsel listed the following issues as impacting their ability to represent Defendant:

a.  A potential conflict of interest with Mr. Daniels.
b.  Trial strategy differences between Mr. Cain and defense counsel.
c.  A potential claim of ineffectiveness.
d.  The removal of Angelo Musitano, Esq. as Mr. Cain's retained counsel.

*Id*.

On January 7, 2008, the Court held a status conference on defense counsels' motions to withdraw.  ECF #297 (transcript).  In denying those motions, the Court observed:

2

> I have read the papers over, and I read some cases, and as far as the irreparable differences I don't believe counsel has really specified what those differences are. The fact that Mr. Cain may disagree with the trial strategy or just that he wants a new attorney, I don't believe is sufficient, and he cannot create a conflict by refusing to work with his attorneys. Therefore, that motion will be denied unless there's more specific and some valid reasons that are articulated.
>
> With regard to the second ground, that Mr. Cain believes the attorneys were ineffective at trial, that's an issue that can be raised in a Rule 33 motion, but probably more appropriately left to a post-sentence 2255 motion.

ECF # 297, pp. 4-5.

Shortly thereafter, and while awaiting sentence, Defendant, on February 19, 2008, filed a motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure (F.R.Cr.P.) seeking a new trial on the ground that he was deprived of counsel of his choice based upon Magistrate Judge Schroeder's decision to remove attorney Musitano. ECF #263 (hereinafter "Defendant's First Rule 33 Motion").  Noting that Defendant never appealed Magistrate Judge Schroeder's disqualification decision to this Court and that Defendant instead waited over a year-and-a-half until after his original attorney was disqualified to file his motion, this Court, on November 5, 2008, issued a Decision and Order (D&O) which noted:

> The Court has serious concerns with the timeliness of the defendant's motion.  Although Mr. Musitano was found to be disqualified by Magistrate Judge Schroeder on July 7, 2006, that decision was never appealed to this Court. In a sense, the

instant Rule 33 motion is simply an untimely appeal of the Magistrate Judge's disqualification order. If Cain believed that the alleged conflict "never existed," as he now contends, the onus was upon him to raise that at the time the disqualification decision was made. Instead, he waited until all of the pretrial proceedings were completed, and after trial, before detailing the basis of his Sixth Amendment violation claim. Ordinarily, this Court would not consider such a belated objection to a 19-month old pretrial ruling. However, because of the importance of the constitutional issue raised in the motion, the Court will address the merits of Cain's Sixth Amendment claim despite its untimeliness.

ECF #302, p.7.  Thus, this Court went on to decide (and deny) the motion on its merits.  *Id.*, pp. 7-13.  In so doing, the Court determined that Defendant was not improperly deprived of counsel of his choice and that there was "no merit to Cain's claim that the [G]overnment 'manufactured' an attorney conflict." ECF #302, p. 13

Shortly before he was sentenced, Defendant, on December 29, 2008, filed a motion seeking to have attorneys Daniels and Henry relieved as his attorneys and new counsel appointed. ECF #311.  In his motion, Defendant raised a laundry list of complaints regarding alleged conflicts of interest and complaints regarding things his attorneys did (or did not do) both during pretrial proceedings and at trial in this case.  ECF #311, pp. 6-18.[1]

---

[1] In his most recent motion, Defendant equates this motion to be relieved of counsel (ECF #311) as one seeking a new trial.  ECF #589, p. 8.

4

On January 8, 2009, with sentencing just four days away, this Court denied Defendant's motion for new counsel, and in so doing, stated as follows:

> In his motion for the appointment of new counsel, the defendant argues that his currently-appointed CJA attorneys provided ineffective assistance at trial. The Court appointed two well-respected and experienced criminal defense attorneys to represent the defendant and both attorneys provided outstanding representation at trial. Having presided over the trial and observed counsel's performance firsthand, the Court finds it highly unlikely that the defendant's claim of ineffective assistance would be successful. In any event, the defendant's belated claim of ineffective assistance of trial counsel would be more appropriately raised in a post-sentence § 2255 motion.

ECF #316, p.1.

On January 12, 2009, Defendant was sentenced principally to a term of imprisonment of 660 months.  The Second Circuit Court of Appeals affirmed his conviction. *United States v. Cain*, 671 F.3d 271 (2d Cir. 2012), *cert denied*, *Cain v. United States*,  571 U.S. 942 (2013).

After his conviction was affirmed, Defendant filed a §2255 motion, in which he raised ineffective assistance of counsel claims, arguing: that attorney Daniels, one of his two assigned attorneys, "was plagued by an intractable conflict of interest," *see*, ECF #447, p. 3, and that attorney Henry, his other attorney, had a conflict "based on his personal interest of

inserting himself into this high profile case." *Id*., p. 15.[2]   While that §2255

motion was pending, Defendant also filed a motion seeking "to expand the

record," see, ECF# 459, and requesting an evidentiary hearing, "to develop

the factual record on the issue of 'ineffective assistance.'"  ECF #460, p. 2.

In an extensive 24-page written D&O denying Defendant's § 2255

motion, this Court fully considered—and rejected—Defendant's claims of

ineffective assistance as well as his requests to expand the record and to

hold a hearing.  *See*, ECF #481.  Defendant sought reconsideration of the

denial of his § 2255 motion, *see*, ECF #483, and such motion was also

denied by this Court in a written D&O.  ECF #530.  Defendant appealed the

denial of his § 2255 motion and his motion to reconsider.  ECF #537. The

Second Circuit dismissed Defendant's appeal of his § 2255 motion and his

request for reconsideration on the ground that Defendant failed to make "a

substantial showing of the denial of a constitutional right."  ECF #548.

A subsequent motion filed by Defendant, *see*, ECF #575 (hereinafter

"Defendant's Second Rule 33 Motion"), which sought to convert two of his

post-trial motions, *see*, ECF #247 and #248, into a Rule 33 motion for new

---

[2] Defendant's petition also alleged that the appellate attorney appointed by the Second
Circuit to represent him on direct appeal, Charles F. Willson, Esq., also provided
ineffective assistance.  ECF #447, pp. 20-24.

trial based on ineffective assistance of counsel, was also denied by this Court in a written D&O.  ECF #584.  Once again, the Second Circuit dismissed Defendant's appeal of that D&O finding that such appeal lacked "an arguable basis either in law or in fact."  ECF # 591.

With the instant motion, Defendant—yet again—seeks to resurrect his claim of ineffective assistance of counsel, this time by way of his "Renewed Motion for a New Trial Under Rule 33."  ECF # 589 (hereinafter "Defendant's Renewed Rule 33 Motion").

## **DISCUSSION**

Rule 33(a) of the Federal Rules of Criminal Procedure provides, in part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." By its terms, Rule 33 sets some very specific time limits within which a defendant must file a motion to vacate a judgment and grant a new trial. Fed. R. Crim. P. 33(b).  According to the Rule, such motion ordinarily must be filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2).  That short two-week window within which to file such a motion is expanded in situations in which defendant's request for a new trial is based upon newly discovered evidence.  *See*, Fed. R. Crim. P. 33(b)(1).

7

These time limits under Rule 33 amount to "inflexible" claim-processing rules, but since they are not "jurisdictional," they are subject to the extension-of-time provisions of Rule 45(b) of the Federal Rules of Criminal Procedure. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam); see also *United States v. Robinson*, 430 F.3d 537, 541 (2d Cir. 2005) ("The time limitations specified in Rule 33 are read in conjunction with Rule 45, which establishes how to compute and extend time."). As explained in the Advisory Committee's Note to Rule 33, "if for some reason the defendant fails to file the underlying motion for a new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect." Fed. R. Crim. P. 33 advisory committee's note to 2005 amendments; *see also*, Fed. R. Crim. P. 45(b)(1); *United States v. Bishop*, No. 12-CR-101-A, 2020 WL 210107, at *2 (W.D.N.Y. Jan. 14, 2020).  Nevertheless, "because of Rule 45(b)'s insistent demand for a definite end to proceedings," Rule 33's application as a claim-processing rule is "admittedly inflexible." *Eberhart*, 546 U.S. at 19.

In this case, Defendant's claim of ineffective assistance of counsel is a claim of error "other than newly discovered evidence." See, Rule 33(b)(2). Consequently, such claim is subject to the 14-days-after-the-guilty-verdict-

8

was-returned deadline set forth in Rule 33(b)(2).  *See*, *United States v. Cammacho*, 462 Fed.Appx. 81, 83 (2d Cir. 2012) ("'The longer period provided by [Rule 33] for a motion based on newly discovered evidence applies only to motions that address the issues raised by the criminal charges, not to motions that raise collateral issues such as the effectiveness of trial counsel.'" (quoting *United States v. Mayo*, 14 F.3d 128, 132 (2d Cir.1994))).

Defendant's First Rule 33 Motion was filed on February 19, 2008, over two months after the December 7, 2007, verdict in this case.  ECF #263. That motion was directed toward Defendant's claim that he was deprived of counsel of his choice.  Ten months later, Defendant filed a motion requesting that his assigned counsel be relieved, and in it, Defendant claimed, *inter alia*, that his trial lawyers had conflicts of interest and were otherwise ineffective. ECF #311.[3]  Years later, in August of 2024, Defendant filed his Second Rule 33 Motion.  ECF #575. Finally, Defendant's Renewed Motion for a New Trial was not filed until nearly 17 and ½ years after the verdict on July 14, 2025.  ECF #589.  All of Defendant's motions for a new trial are untimely.

---

[3] In his most recent motion, Defendant equates this motion to be relieved of counsel (ECF #311) as one seeking a new trial.  ECF #589, p. 8.

9

While Defendant, in his Renewed Motion for a New Trial, attempts to explain difficulties that he faced which precluded him from timely filing such motion, *see*, ECF #589*, pp. 8-9, his explanation falls flat.  As the Second Circuit has recognized, "the practical difficulties faced by defendants seeking to raise ineffective-assistance-of-counsel claims by way of motion for a new trial ... do not give us cause to corrupt the clear language of Rule 33. That decision does not leave defendants remediless, since most claims of ineffective assistance of counsel may be brought under § 2255." *United States v. Dukes*, 727 F.2d 34, 39 (2d Cir. 1984)(alterations, quotations, and citations omitted).  What happened in this case is precisely the situation envisioned and endorsed by the Second Circuit in *Dukes*. In fact, Defendant's claims of ineffective assistance were not only fully litigated in the context of his §2255 motion, *see*, ECF #447, they were also considered and decided by this Court in its D&Os addressing both Defendant's motion to reconsider, *see*, ECF #483, as well as his Second Rule 33 Motion, *see*, ECF #575. *See*, ECF #530 (D&O denying, *inter alia*, Defendant's motion for reconsideration) and ECF #584 (D&O denying Defendant's Second Rule 33 Motion).

Nevertheless, even if Defendant could somehow establish excusable neglect in the belated filing of the instant motion—something which he has

not done—the simple fact is that his claim lacks merit.  As this Court has previously (and exhaustively) explained in three prior written D&Os, *see*, ECF #481 (24-page D&O denying his §2255 motion), #530 (14-page D&O denying his motion to reconsider), and #584 (10-page D&O denying his Second Rule 33 Motion), Defendant was not deprived of his constitutional right to the effective assistance of counsel.  While Defendant appealed each of this Court's D&Os rejecting his ineffective assistance claims to Second Circuit, that Court declined to grant Defendant a certificate of appealability with respect to both the denial of his 2255 motion as well as his motion to reconsider. *See*, ECF #548 and 555.  With respect to Defendant's appeal of this Court's denial of his Second Rule 33 motion based upon his claim of ineffective assistance of counsel, the Second Circuit dismissed the appeal, after determining that such appeal lacked "an arguable basis either in law or in fact." ECF #591.

The Second Circuit's refusal to grant certificates of appealability and determination that Defendant's appeal lacked an arguable basis in law or in fact are tantamount to an implicit determination by the Circuit that this Court's prior rulings rejecting Defendant's claims of ineffective assistance of counsel are valid.  *See*, *Cole v. United States*, No. 98 CV 7670 (SJ), 2006 WL 3257254, at *3 (E.D.N.Y. Sept. 25, 2006). Consequently, this Court is

11

barred from reconsidering them. *See United States v. Stanley*, 54 F.3d 103, 107 (2d Cir.1995) ("The [mandate] rule bars [a] district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.").  The instant motion, filed over 18 years after he was convicted at trial, is largely an effort to rehash the same arguments previously presented to and rejected by this Court.

Finally, to the extent that Defendant now argues that defense counsel's failure to move for severance from his codefendant's represents a new and different strategy which distinguishes his current ineffective assistance claim from all those ineffective assistance claims which were previously presented to and rejected by this Court, *see*, ECF #589, p. 12, such argument falls short.  In that regard, Defendant fails to allege—much less establish—that any decision not to seek severance was "objectively unreasonable" and that even if it was, that he suffered prejudice sufficient to meet the second *Strickland* prong. *Strickland v. Washington*, 466 U.S. 668 (1984)(To establish ineffective assistance, Defendant must show that (1) defense counsel's performance was objectively unreasonable and (2) the deficient performance prejudiced the defense).  Thus, even were the Court to reach the merits of his latest iteration of his ineffective assistance claim, such claim would fail.

## CONCLUSION

For the foregoing reasons, the Defendant's Renewed Motion for a New Trial (ECF #589) is **DENIED** in its entirety.

Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order denying Defendant's *pro se* Renewed Motion for a New Trial based on ineffective assistance of counsel would not be taken in good faith. Any further request to proceed *in forma pauperis* should be made by motion to the Second Circuit.

A copy of this Order shall be mailed to David Cain, Jr., 13965-055, RAY BROOK FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 900, RAY BROOK, NY 12977.

**SO ORDERED.**

Dated: Buffalo, New York.  May 11, 2026.

*s/Richard J. Arcara*
HON. RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

13